## FRANCES McAWEENY v. JOURNAL PRINTING COMPANY.[1]

May 5, 1911.

Nos. 16,980—(65).

**Negligence — questions for jury.**
  Plaintiff was struck and injured at a street crossing by defendant's team. *Held*, the questions of negligence and contributory negligence were for the jury.

Action in the district court for Hennepin county to recover $15,-000 for personal injuries. The facts are stated in the opinion. The answer alleged contributory negligence. The case was tried before Booth, J., and a jury which returned a verdict in favor of plaintiff for $5,000. Defendant's motion for judgment notwithstanding the verdict was denied, and its motion for a new trial granted, unless plaintiff consented to a reduction of the verdict to $3,000. From an order denying the motion for judgment notwithstanding the verdict and from the whole of the order, defendant appealed. Affirmed.

*Keith, Evans, Thompson & Fairchild,* for appellant.
*Larrabee & Davies,* for respondent.

LEWIS, J.

Plaintiff, a lady fifty-seven years of age, was struck by appellant's team in the city of Minneapolis, and recovered a verdict of $5,000, which was reduced by the trial court to $3,000.

Plaintiff started to walk diagonally from the northwest corner to the southeast corner of the intersection of Sixth street and Sixth avenue, and was struck by the team when between the street car track on Sixth street and the curb on the south side of Sixth street at a point near the east line of Sixth avenue. Defendant's team was

[1] Reported in 130 N. W. 1103.

attached to a delivery wagon, and was driven by a young man who was on his route to deliver papers. He was driving east on the south side of Sixth street, and admitted that just before he passed into Sixth avenue he saw plaintiff at the northwest corner; that he looked up Sixth avenue, in a southerly direction, as soon as he drove into that avenue, did not turn around and look to the north again, and did not see plaintiff until his team was about to collide with her; and that the team was at a trot all the time. He then drew up the horses, and thought she would draw back out of the way. On the driver's own statement, it was for the jury to say whether he was in the exercise of due care.

Plaintiff testified that she first saw the team when she had just crossed the second track on her way diagonally to the southeast corner; that it was then about at the west line of Sixth avenue going east; that she saw the driver look south up Sixth avenue, and that the team swerved in that direction, but was turned back; that she went on, but heard the noise of the team close to her, and looked up. "Q. How near were the horses to you at that time? A. I couldn't move the next time. I seen I couldn't cross, and I turned around and I went to go that way, and to go this way and that way, and the horses went this way and that way on me, and hit me." Other witnesses who saw the accident stated that, as the team approached her, she turned back and forth, but was struck down. She was not necessarily guilty of contributory negligence in not keeping out of the way after first seeing the team. The case is very similar to Stallman v. Shea, 99 Minn. 422, 109 N. W. 824, and is controlled by the principles there stated.

Affirmed.