## OLE SENRO v. CHICAGO & NORTHWESTERN RAILWAY COMPANY.[1]

June 30, 1911.

Nos. 17,102—(176).

**Evidence — damages.**

In an action for personal injuries, the evidence is *held* sufficient to support the verdict, and, further, that the damages awarded by the jury were not excessive.

**Refusal of request to charge jury.**

Where the general charge of the court clearly states the rules and principles of law applicable to the case, it is not error to refuse a special request that from a particular item of evidence, standing alone, the conclusion of negligence does not follow.

Action in the district court for Lyon county to recover $1,999 for personal injuries. The answer alleged contributory negligence on the part of plaintiff, and that he assumed the risks of his employment. The reply was a general denial. The case was tried before Olsen, J., and a jury which returned a verdict in favor of

[1] Reported in 131 N. W. 1011.

plaintiff for the amount demanded. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Brown, Abbott & Somsen,* for appellant.

*Thomas E. Davis, Ernest A. Michel* and *John I. Davis,* for respondent.

BROWN, J.

A stationary engine and boiler located in defendant's roundhouse at Tracy, this state, used for the development of steam power for the operation of machinery therein, became out of repair. One of the flues commenced leaking, by reason of which water escaped into the fire box and prevented the operation of the engine. It became necessary to "plug" the defective flue, and the defendant's foreman in charge directed that the repair be made. Wooden plugs were used, one being driven into each end of the flue. After this was completed a fire was started and the engine set to work. Plaintiff was a common laborer about the roundhouse, in defendant's employ, and soon after the repairs had been made and the fire was started in the engine he was directed to clean out the ash pit thereof. This he proceeded to do, and while so engaged the wooden plug just previously inserted in the flue for some reason came out, permitting the water to escape into the fire box, causing an explosion or "kick back," and forcing fire, gas, steam, and cinders out through the fire box and into the ash pit, where plaintiff was at work, burning and injuring his person. Plaintiff brought this action to recover for the injuries so received, alleging that the cause thereof was the negligence of defendant in operating a defective boiler and failing to keep the same in proper repair for use, in consequence of which plaintiff was not furnished a reasonably safe place in which to do his work, and was exposed to the dangers and risks likely to arise from the use of the defective boiler. Plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The assignments of error present the questions: (1) Whether the evidence is sufficient to sustain the charge of negligence; (2)

whether the court erred in refusing to give the jury certain of defendant's requested instructions; and (3) whether the verdict is excessive.

1. We have examined the record with care, and discover no reason therefrom for disagreeing with the jury and the trial court upon any of the issues of fact. The evidence sustains the verdict. Nor can we hold that the damages awarded by the jury are so excessive as to indicate passion and prejudice of a character to justify a new trial. We come, therefore, to the only question requiring special mention.

2. The issue as to defendant's negligence centered around the question whether the boiler had been properly repaired. Plaintiff contended that a wooden plug was not a proper or safe device for plugging the leaking flue, and that an iron plug should have been used for that purpose; while defendant contended that a wooden plug answered every purpose, and was equal to, if not better than, an iron plug. Both parties offered evidence in support of their respective contentions. At the close of the trial counsel for defendant submitted a large number of special requests for instructions to the jury, most of which were given by the court. Among those refused was: "The jury is instructed that the mere fact that a wooden plug would not resist as much pressure as an iron plug, if you so find, would not justify you in finding that it was negligent to use the wooden plug." The refusal of this request is challenged by defendant.

The request called attention to a particular item of evidence upon the issue of negligence, and it was not reversible error to refuse it, since the court in general terms clearly stated to the jury the principles of the law controlling their decision upon that question. The situation comes within the rule that the court is not required to instruct the jury as to the effect of particular items of evidence, or what conclusions may or may not follow therefrom (Atwood Lumber Co. v. Watkins, 94 Minn. 464, 103 N. W. 332; Watson v. Minneapolis Street Ry. Co. 53 Minn. 551, 55 N. W. 742), when the law of the case is fully stated in the general charge.

3. All other special requests, the refusal of which defendant assigns as error, were sufficiently covered and included in the general charge, and their refusal was not error.

Order affirmed.