## WILLIAM D. JOHNSON v. JOHN H. SCOTT.[1]

November 29, 1912.

Nos. 17,915—(75).

**Submission of issue to jury.**

Where the complaint in an action for injuries alleged to have been caused

[1] Reported in 138 N. W. 694.

---

Note.—As to duty of pedestrian to look out for auto cars, see notes in 3 L.R.A.(N.S.) 345; 20 L.R.A.(N.S.) 232.

For reciprocal duty of operator of automobile and pedestrian to use care, see note in 38 L.R.A.(N.S.) 487.

by the defendant's negligence, failed to allege "wilful negligence," but such issue was litigated by the parties and it was manifest that the defendant was not misled, there was no reversible error in submitting such issue to the jury; provided, of course, the evidence was sufficient to authorize such submission, especially where no exception on this account was taken on the trial.

**Quære — pleading and proof.**

Quære, whether "wilful negligence" is provable under an allegation of ordinary negligence.

**Evidence.**

Evidence considered and *held* sufficient to authorize submission of an issue of "wilful negligence."

**Contributory negligence — charge to jury.**

Where, in an action by a pedestrian who was struck by an automobile while he was crossing a street, the question of the plaintiff's contributory negligence was fully and fairly covered by the instructions given, there was no error in refusing to instruct that the plaintiff was guilty of contributory negligence, if he failed to look before he started to cross the street and while crossing the same.

**New trial — misconduct of juror.**

Refusal of the trial court to grant the defendant a new trial on the ground of misconduct of one of the jurors in conversing with one of the witnesses for the plaintiff, etc., *held*, upon the showing made, clearly proper.

Action in the district court for Watonwan county to recover $5,000 for personal injuries. The complaint alleged defendant was negligently running his automobile along a certain street at an unlawful and high rate of speed, without any lights, as provided by law, and without giving any signals of his approach as provided by law, to warn plaintiff of his approach; that by reason of his negligence in the operation of the automobile, plaintiff was struck by it, his leg was broken, and he was thrown to the ground and otherwise injured. The answer denied every allegation in the complaint except that plaintiff was in fact injured. The case was tried before Pfau, J., and a jury which returned a verdict in favor of plaintiff for $1,400. From an order denying defendant's motion to set aside the verdict and for a new trial, he appealed. Affirmed.

*Hammond & Farmer,* for appellant.

*J. E. Haycraft* and *S. B. Wilson,* for respondent.

PHILIP E. BROWN, J.

Action to recover damages for personal injuries suffered by the plaintiff in colliding with the defendant's automobile. The cause was tried to a jury, who returned a verdict for the plaintiff. This is an appeal by the defendant from an order denying him a new trial.

The complaint charged in substance that while the plaintiff was crossing Main street in Madelia, on November 29, 1910, he was run down and injured by an automobile owned and driven by the defendant, which accident occurred without fault on the plaintiff's part, and because the defendant was negligent in propelling the machine at an unlawful and high rate of speed, without lights and in violation of law. The defendant answered, admitting that the plaintiff was injured and putting in issue the other claims recited. It appeared on the trial that the accident happened in the evening of the day stated.

1. We conclude from an examination of the record that there was sufficient evidence to warrant the jury in finding that the defendant was negligent as charged. In fact the defendant makes no serious claim to the contrary.

2. The defendant asserts that the court erred in charging the jury as follows:

"I will further charge you in this case, that if the plaintiff was negligent in this case, and did place himself in a negligent position, and if the defendant, before the happening of the injury or accident, discovered the negligence of the plaintiff, but by and through the want of ordinary care upon his part, after discovering the danger of the plaintiff, the danger that he was in, caused by his own negligence, nevertheless ran against him and injured him, operating his machine without using ordinary care, that the plaintiff can recover and should recover a verdict at your hands. On the other hand I charge you, gentlemen, that if the defendant, after discovering that the plaintiff had placed himself in a dangerous position, was negligent, guilty of negligence on his part, if the defendant used ordinary care on his part, that the plaintiff cannot recover."

The defendant contends that this instruction constituted error for the following reasons: (a) That the complaint contains no allega-

tions charging the defendant with the commission of wilful negligence, which claim is true; (b) that the evidence is insufficient as a predicate for the instruction or to sustain a finding of the defendant's guilt of wilful negligence. The defendant forcefully argues that since this action is plainly one, under the allegations of the complaint, for the recovery of damages inflicted because of ordinary negligence, no question of wilful negligence was involved; that, to warrant the court in submitting a claim grounded upon this latter charge, the plaintiff must plead the material and ultimate facts constituting such negligence, to the end that the defendant may be apprised of the charge he is to meet, and of the precise subject of the controversy, in order that he may have an opportunity to prepare his defense, and the plaintiff, having failed in this regard, should not be permitted to prove upon the trial or, at least, to have submitted to the jury the effect of negligence materially different in kind from that alleged.

We are not agreed upon the proper determination of the point of pleading here involved, as an abstract proposition. We hold, however, that it is not necessary to the decision of this case to pass upon such question, because, at most, if there were sufficient evidence in the record to justify the court in submitting the so-called "wilful negligence" of the defendant to the jury, a question which we will presently consider, then under the facts we would have a case, we think, of mere harmless variance. R. L. 1905, § 4158. Wilcox Lumber Co. v. Ritterman, 88 Minn. 18, 92 N. W. 472; Kaufman v. Barbour, 103 Minn. 173, 114 N. W. 738. The several features of the cause of the accident were fully covered by the evidence and evidently the defendant was not misled. From the fact that the alternative portion of the instruction complained of embraces the substance of one of the defendant's requests, it is apparent, also, that this issue was litigated without objection, and hence objections now made are unavailing. 2 Dunnell, Minn. Dig. § 7675. Moreover, no exception was taken on the trial to the portion of the charge now criticised, which, we hold, was necessary in order to raise the question now under consideration, under the rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, and subsequent cases developing its application.

Nevertheless, it was error to give this instruction, if it be true, as claimed by the defendant, that the evidence adduced on the trial was insufficient to warrant the submission of this phase of the case. We have examined the record in this regard. No useful purpose would·be·subserved by stating the evidence in detail. That the plaintiff was in a place of danger immediately before the collision is established by the result, and clearly such place was made unsafe by the interposition of defendant's machine. While the question of the defendant's wilful negligence is a somewhat close one on the proofs, we have concluded that the evidence was sufficient, if believed by the jury, to warrant the deduction therefrom that the defendant saw the plaintiff's peril in time to have avoided striking him with the machine, had he thereafter used ordinary care in its management; and furthermore that the verdict cannot be disturbed on this ground after being approved by the trial court.

3. The defendant claims that the trial court erred in refusing to give the following instruction, requested by him:

"You are instructed that if the plaintiff did not look at the time he started across the street, or while crossing the street, or until the automobile was upon him, he did not exercise common prudence, and was guilty of contributory negligence."

We find no error here. The jury were fully and fairly instructed concerning the defendant's claim that the plaintiff was guilty of contributory negligence, and the requested instruction comes within the rule that the court is not required to charge as to the effect of particular items of evidence or what conclusion may or may not follow therefrom. Senro v. Chicago & N. W. Ry. Co. 115 Minn. 110, 131 N. W. 1011. We also think that, assuming this requested instruction to be abstractly correct, which is more than doubtful in the light of Stallman v. Shea, 99 Minn. 422, 109 N. W. 824, it was not warranted by the evidence.

4. The last claim urged by the defendant is that there was misconduct on the part of the jury. The showing made by the defendant below in support of this claim amounts to this: One of the witnesses called by the plaintiff, after testifying on the trial favorably to the plaintiff's theory, and also being strongly prejudiced in the

plaintiff's favor and cognizant that one Jacobson was a juror in the case, called such juror into a saloon, during an intermission of the court's proceedings occurring prior to the conclusion of the giving of evidence on the trial, in a surreptitious manner, and after having a private conversation with him therein, treated him to a cigar. Neither the alleged conversation nor its purport appears, and the affidavits offered fail to connect the plaintiff with this transaction. Furthermore, the affidavits offered by the plaintiff contradicted the allegations of those of the defendant in regard to the matter. It also appears that both the defendant and his counsel were advised of the existence of the alleged facts, the defendant himself prior to the submission of the case to the jury, and his counsel before the verdict was rendered, and that no steps were taken to apprise the court thereof. Under these circumstances the trial court was clearly right in refusing to grant a new trial on this ground. See 2 Dunnell, Minn. Dig. §§ 7104, 7107. The rule of this court is stated in section 7105.

Order affirmed.