NORTHWESTERN FUEL COMPANY v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

November 10, 1916.

Nos. 19,927—(74).

**Negligence — insurance of defendant — questioning jurors.**

1. In a suit for damages resulting from negligence, plaintiff may show that defendant is insured against liability upon such claims, as a basis for questioning prospective jurors as to whether they have any interest in the insurance company.

**Same — evidence required.**

2. It is error to intimate to the jury that defendant is protected by such insurance, without presenting evidence that such is the fact.

[1] Reported in 159 N. W. 832.

**Questioning jurors — privilege limited.**

> 3. In examining prospective jurors, a party may elicit such information as is necessary to enable him to determine whether the jurors are interested in the result of the suit or biased against the bringing of such suits; but should not be permitted to excite prejudice against the adverse party through an abuse of this privilege.

**New trial — not granted where no substantial prejudice.**

> 4. The nature and extent of such examination rests largely in the discretion of the trial court, and a new trial will not be granted where it appears that no substantial prejudice resulted, although objectionable statements may have been made in connection with such examination.

Action in the district court for Hennepin county to recover $1,338.26 for injury to plaintiff's automobile truck by the careless operation of one of defendant's street cars. The answer alleged that the injury was caused by the carelessness of plaintiff and set up a counterclaim of $170.05 for injury to defendant's street car. The case was tried before Waite, J., and a jury which returned a verdict for defendant. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Boyesen & Flor* and *P. J. McLaughlin,* for appellant.

*John F. Dahl, W. Y. Smiley* and *N. M. Thygeson,* for respondent.

TAYLOR, C.

A collision occurred between an auto truck of plaintiff and a street car of defendant. Plaintiff, alleging that the accident was caused by the negligence of defendant, brought suit for damages; defendant, alleging that the accident was caused by the negligence of plaintiff, interposed a counterclaim for damages. Before questioning the prospective jurors as to their qualifications and in their presence and hearing, defendant's counsel asked plaintiff's counsel what insurance company or companies were interested or represented in the action. He was assured by plaintiff's counsel that no insurance company was represented or interested therein, either directly or indirectly. Remarking that he had information to the contrary, but without any attempt to show that plaintiff had insurance, defendant's counsel asked each juror the following two questions: "Are you acquainted with the Fred L. Gray Insurance Company of this city, or any member of that company?" "Are you acquainted with

any of the officers of the London Guaranty and Accident Company, or the Massachusetts Bonding Company?" Plaintiff objected in proper form to each of these questions; the objection was overruled; and plaintiff took an exception to the ruling. The trial resulted in a verdict for defendant. The sole question presented is whether the conduct of defendant's counsel in asking the above question of each prospective juror, in the manner stated, and the rulings of the court permitting them to be asked and answered, constitute reversible error.

It is settled in this state that the plaintiff, in a suit for damages resulting from negligence, may show that the defendant is insured against liability upon such claims, as a basis for questioning prospective jurors as to whether they have any interest in the indemnifying company (2 Dunnell, Minn. Dig. § 5252) ; but, as conveying information to the jury that the defendant will be reimbursed by an insurance company for any damages he may pay, is generally, if not universally, recognized as prejudicial, it is error for the plaintiff to intimate to the jury that the defendant is protected by insurance without presenting evidence that such is in truth the fact. Of course where the defendant, by a counterclaim, seeks to recover damages from the plaintiff, the rule is the same, although the parties are reversed.

In his examination of a prospective juror, a party has the right to elicit such information as is necessary to enable him to determine whether the juror is either interested in the result of the suit, or biased against him, or against the bringing of suits of the nature of the one about to be tried. The nature of such examination and the extent to which it may be carried, of necessity, rests largely in the discretion of the trial court; but a party should not be permitted to excite prejudice against the adverse party through an abuse of this privilege. Viita v. Fleming, 132 Minn. 128, 155 N. W. 1077. The cases in which these questions are considered are collected in the note to Egner v. Curtis, Towle & Paine Co. L.R.A. 1915A, 153, 96 Neb. 18, 146 N. W. 1032.

The questions asked the jurors did not intimate, at least did not directly intimate, that plaintiff was protected by insurance, and we think it was within the discretion of the trial court to permit them for the purpose of disclosing whether the relations between the jurors and the officials of companies insuring against liability upon similar claims, were

such that the jurors might be biased against permitting the enforcement of such claims. Upon substantially the same state of facts, such questions were held to be proper in Antletz v. Smith, 97 Minn. 217, 106 N. W. 517. No prejudice could have resulted, if the questions had been accompanied by a disavowal of an intention to intimate that plaintiff was protected by insurance; but, after being assured that no insurance company had any interest in the litigation, defendant's counsel stated that he had information to the contrary. It was improper to make this statement without producing evidence to substantiate it, but, as plaintiff's counsel vigorously asserted that plaintiff had no insurance, and asked defendant to produce evidence to support the statement, which defendant failed to do, we think no substantial prejudice resulted. Further, no objection or exception appears to have been taken to the statement, and the making of it is not assigned as error.

Order affirmed.

HALLAM, J. (dissenting).

I dissent from the indorsement of the practice of questioning jurors as to their acquaintances with persons who are not parties to the suit nor shown to be in any manner interested in the result of it. If questions as to acquaintance with "the Fred L. Gray Insurance Company, or any member of that company" are proper, then questions as to acquaintance with any other of hundreds of people engaged in the same line of business are equally proper. When this court puts the stamp of its approval on such practice, it is only adding to the already too great and useless delay in drawing jurors.

Nor do I think that the questions asked were a mere innocuous waste of time. The record does not show that plaintiff had any liability insurance at all, yet the questions asked of every juror assumed that it had. The apparent purpose of the line of questions asked was to create in the minds of the jurors an impression that plaintiff would be reimbursed by insurance for any damages it might be required to pay. I can conceive of no other purpose. This line of examination should not have been allowed.

BUNN, J. (dissenting).

I agree with Hallam, J.