## CHARLES L. ARCHER v. VANCE E. SKAHEN.[1]

July 13, 1917.

Nos. 20,345—(163).

**Negligence — contributory negligence — damages — automobile insurance.**

In this action to recover for injuries received by plaintiff from the ing struck by an automobile owned and driven by defendant, it is *held*:

(1) The evidence justified the jury in finding that the accident was caused by negligence on the part of defendant.

[1]Reported in 163 N. W. 784.

(2) It justified the jury in finding that plaintiff was free from contributory negligence.

(3) The damages are not excessive.

(4) There was no error in permitting plaintiff's counsel, before the jury was impaneled but in the presence of the jurymen, to examine defendant as to whether he carried liability insurance.

Action in the district court for Hennepin county to recover $28,100 for injuries incurred through collision with an automobile driven by defendant. The case was tried before Leary, J., who denied defendant's motion for an instructed verdict, and a jury which returned a verdict for $7,500. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*John F. Bernhagen,* for appellant.

*Paul J. Thompson, M A. Hessian* and *Thomas Kneeland,* for respondent.

BUNN, J.

In this personal injury action plaintiff recovered a verdict of $7,500. Defendant appealed from an order denying his alternative motion for judgment notwithstanding or for a new trial.

October 28, 1915, plaintiff and his brother-in-law were walking in a northerly direction on the sidewalk on the right side of Marquette avenue in Minneapolis. Just as plaintiff stepped from the curb to the pavement at the intersection of Thirteenth street with Marquette avenue, he was struck by an automobile owned and driven by defendant. He was severely injured and claimed in this action that defendant was liable, because he failed in his duty to use ordinary care in the manner in which he drove his car at the time in question. The usual issues were tried, negligence of the defendant, contributory negligence and damages.

1. We are left in doubt as to whether defendant claims on this appeal that there was not sufficient evidence of negligence on the part of defendant, but will say that we have no doubt that the evidence was amply sufficient to sustain the decision of the jury on this issue. We note a claim of a variance between the pleading and the proof on the question of negligence, but we agree with plaintiff's counsel that "the alleged variance, if any, is too inappreciable for mention."

137 M—28

2. Defendant's main point is that contributory negligence was proved as a matter of law, or at least that the evidence does not sustain the verdict on this issue. It was shown that at the precise time plaintiff stepped from the curb to the pavement a street car coming south on Marquette avenue was crossing Thirteenth street; that defendant who was driving his car east on Thirteenth street, instead of stopping to let the street car pass, shot ahead and in front of it, compelling the street car to to come to a stop in the middle of the intersection. Plaintiff testified that he saw the street car before he stepped from the curb, but, though he looked, did not see the automobile. This is entirely believable in view of the fact that the street car was half way across the street, and the evidence as to the speed of defendant's car and the course it took. We conclude that the issue of contributory negligence was for the jury, and that the evidence sustains the finding that plaintiff was not to blame for the accident.

3. There is an assignment of error that the damages are excessive. Defendant's counsel does not argue this in his brief, but we have considered the evidence as to the extent of plaintiff's injuries, and do not think the verdict so out of proportion to fair compensation as to justify our interference.

4. Error is claimed in permitting plaintiff's counsel to examine defendant, in presence of the jurymen but before a jury was impaneled, as to whether he had liability insurance. Defendant denied that he was insured, and the examination was carried on to some extent after this denial. The record shows that plaintiff's counsel suggested that the jury might be excused during this inquiry, but that defendant's counsel made no reply to the suggestion. There was no error here. The cause for complaint is much less than was the case in Northwestern Fuel Co. v. Minneapolis St. Ry. Co. 134 Minn. 378, 159 N. W. 832.

Order affirmed.