## CLARA M. THEISEN v. W. A. DURST AND ANOTHER.[1]

November 23, 1917.

No. 20,560.

**Contributory negligence — question for jury.**

In this, a personal injury action, the evidence made the issue as to

[1] Reported in 165 N. W. 128.

contributory negligence a question for the jury, and the amount of the verdict is not so clearly unwarranted as to justify this court in interfering with it.

Action in the district court for Hennepin county to recover $50,000 for injuries received in a collision with an automobile driven by defendant Sebenthal, a servant of defendant Durst. The answer alleged that the accident and resulting injuries were due solely to the negligence of plaintiff. The case was tried before Hale, J., and a jury which returned a verdict for $12,750. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Cobb, Wheelwright & Dille* and *C. M. Bracelen,* for appellants.
*Larrabee & Olson* and *Brady, Robertson & Bonner,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict for injuries sustained by being struck by the automobile of defendant Durst, driven by his chauffeur, defendant Sebenthal, and defendants appeal from an order denying a new trial.

Only two questions are presented: Whether plaintiff was guilty of contributory negligence as a matter of law; and whether the verdict is excessive.

While a large auto truck some 7 or 8 feet high was standing at the curb in front of a store on the north side of Lake street in the city of Minneapolis and about 50 feet east of the intersection of that street with Lyndale avenue, plaintiff came out of the store and proceeded west along the sidewalk 12 or 15 feet beyond the truck and then started diagonally across Lake street toward the southeast corner of the intersection of the two streets. As she stepped from the sidewalk to the street, she looked toward the east and saw nothing upon the street in that direction except the truck; she then looked toward the west, and, when she had passed into the street about 5 feet outside the truck, again looked toward the east and saw the automobile at a short distance coming directly toward her at a high rate of speed. It swerved toward the curb as if to pass behind her, and she hurried forward; it then swerved toward the center of the street, and she was struck by the headlight or fender on the left side of the machine. When she looked eastward the first time,

the automobile was apparently hidden from view by the truck.   Under these circumstances, we cannot say that she was guilty of contributory negligence as a matter of law, and the action of the court in submitting the question to the jury was correct.   Arthur v. Skahen, 137 Minn. 432, 163 N. W. 784; Stallman v. Shea, 99 Minn. 422, 109 N. W. 824; Weil v. Kreutzer, 134 Ky. 563, 121 S. W. 471, 24 L.R.A.(N.S.) 557.

Plaintiff had been a successful teacher in public, private and normal schools for some years, had taught oratory and dramatic art, had fitted herself to give public readings, and was about to engage in giving such readings as a profession.   The evidence would justify the jury in finding that she had sustained a fracture at the base of the skull and a permanent injury to the brain.   She also sustained other severe injuries but has nearly or entirely recovered from those.   Experts of high standing testified that, although she might still be able to follow her chosen profession, yet, in their opinion, the injury to her brain would permanently impair her ability to do so.   The verdict, $12,750, is large, and we should have been better satisfied had it been less; but it is the province of the jury to determine the amount of the damages in such cases, and the province of the trial court to keep the jury within reasonable bounds. The verdict having been approved by the trial court, we have reached the conclusion that the amount is not so clearly unwarranted as to justify this court in interfering with it.

Order affirmed.