## ALFRED JOHNSON v. HANS A. BRASTAD AND ANOTHER.[1]

### July 25, 1919.

### No. 21,185.

**Contributory negligence — mental capacity of plaintiff — question for jury.**

1. Plaintiff was struck and injured by defendant's auto truck at a street intersection. The evidence made a question for the jury as to whether he was guilty of contributory negligence, and also as to whether he possessed sufficient mental capacity to understand the nature and effect of his act at the time he executed the release relied upon by defendants.

**Charge to jury.**

2. The statement in the charge that plaintiff was entitled to the right of way at the time of the collision was not unduly prejudicial in view of the facts and of the remainder of the charge.

**New trial — misconduct of attorney.**

3. The misconduct of plaintiff's attorney in asking improper questions and making improper remarks was not of sufficient consequence to require a new trial.

Action in the district court for Hennepin county to recover $17,650 damages for injuries received by being struck by defendants' motor truck. The answer set up the release and settlement with plaintiff which is mentioned in the opinion. The case was tried before Rockwood, J., who at the close of the testimony denied defendants' motion for a directed verdict, and a jury which returned a verdict for $8,030. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Watson, Sexton & Mordaunt* and *P. J. McLaughlin,* for appellants.
*Hoke, Krause & Faegre* and *Neil M. Cronin,* for respondent.

[1] Reported in 173 N. W. 668.

TAYLOR, C.

Plaintiff recovered a verdict for injuries caused by being struck by defendants' auto truck at a street intersection in the city of Minneapolis. Defendants made an alternative motion for judgment notwithstanding the verdict or for a new trial, and appealed from an order denying their motion.

1. It is conceded that the evidence warranted a finding of negligence on the part of the driver of the truck, but defendants contend that the evidence conclusively shows that plaintiff was guilty of contributory negligence. Plaintiff was walking in a southerly direction along the easterly side of Minnehaha avenue early in the evening, and the accident happened as he was crossing Franklin avenue. Double street car tracks extend along both these avenues. It was not very dark and there was an electric light at the street intersection. The headlights of the truck were lighted, but were quite dim, as they were turned on only partially, and the lenses had been coated with soap to avoid violating the dimming ordinance. The only evidence concerning plaintiff's conduct is his own testimony. He stated that when he stepped from the curb onto the pavement of Franklin avenue he looked first toward the east and then toward the west and saw no street cars or other vehicles approaching from any direction and no pedestrians on the street; that he proceeded across Franklin avenue without again looking either east or west, and that when near the south rail of the south track on that street, he was struck by the truck which came from the west and which he did not see until after he was struck.

Defendants insist that plaintiff's failure to observe the lights of the approaching auto when he stepped into the street and his failure to look again while proceeding some 30 feet, coupled with the fact that there was nothing to distract his attention, conclusively shows that he was chargeable with contributory negligence. Although the facts and circumstances are sometimes so conclusive that a court can say as a matter of law that the plaintiff was guilty of contributory negligence, this is usually a question for the jury. In the present case, plaintiff, after stepping into the street, looked both ways, and, having satisfied himself that the street was clear in both directions, proceeded on his way without looking again. If the street had in fact been free of vehicles he could have crossed in safety. The street was bordered with

business places and with lights of various sorts. Whether, under all the circumstances, plaintiff was negligent in failing to look with sufficient care to discover the approaching auto with its dim light, or in failing to look again before crossing the south track, was in our opinion a question for the jury. We cannot say that negligence is conclusively proven. Stallman v. Shea, 99 Minn. 422, 109 N. W. 824; Arseneau v. Sweet, 106 Minn. 257, 119 N. W. 46; McAweeny v. Journal Printing Co. 114 Minn. 262, 130 N. W. 1103; Johnson v. Scott, 119 Minn. 470, 138 N. W. 694; Theisen v. Durst, 138 Minn. 353, 165 N. W. 128.

2. Defendants made a settlement with plaintiff by which they paid him the sum of $2,500 and received a release of all claims for damages. Four days later the full $2,500 was tendered back to them, on the ground that plaintiff was mentally incompetent to make the settlement at the time it was made. They refused to take back the money and it was deposited in a bank, where it still remains. They interposed the settlement as a bar to the action. The court instructed the jury to the effect that plaintiff was presumed to have had sufficient mental capacity to make the settlement, and that it was binding and conclusive upon him, unless he established "by clear and convincing evidence that by reason of the condition of his mind at the time he executed the release he did not know or understand what he was doing." The verdict for plaintiff amounted to a finding that he was mentally incompetent to make a settlement at the time he executed the release. Defendants contend that this finding is not justified by the evidence. The question here is not whether this court would reach the same conclusion from reading the cold record which the jury reached from hearing the witnesses, but whether there is any substantial evidence which, if believed by the jury, would warrant them in finding the verdict which they returned. We have examined the evidence with care and find enough tending to show mental incompetency to make that issue a question for the jury.

3. Defendants took no exceptions to the charge at the trial, but by their assignments of error in the motion for a new trial and on this appeal challenge its correctness in several respects. Most of the statements to which exception is taken were unobjectionable. The most questionable one is the statement that plaintiff was entitled to the right of way at the time of the collision. This statement is found in the following paragraph:

. "Each of the avenues was a public highway, and both plaintiff and defendants were using them for legitimate highway purposes. Their rights and their duties towards each other were equal and reciprocal. Neither the pedestrian, as such, nor the automobile driver, as such, had right of way over the other. If they approached the point where their lines of movement intersected at about the same time, it was the right of the one arriving first to pass first. That is, the one that reached the point of intersection first had the right of way. In this case it appears positively by the defendants' own testimony that the plaintiff arrived first at the point of intersection. The plaintiff, therefore, had the right of way under the circumstances of this case. In approaching this intersection it was the duty of each, the plaintiff and the defendants, to be mindful of the rights of others who might be on the crossing, to be on the lookout and to do all that reason required to avoid inflicting or receiving injury."

Defendants contend, not that the court was mistaken in saying that their own evidence showed that plaintiff was entitled to the right of way, but that this instruction "was, in effect, an instruction that the defendants were negligent and that the plaintiff was free from blame."

The question as to whether plaintiff or the driver of the automobile was entitled to the right of way had no decisive or important bearing on the present case. It did not enter as an element into the happening of the accident, for neither plaintiff nor the driver saw the other in time to avert the collision, and neither acted in the expectation that the other would give him the right of way. The court repeatedly impressed upon the jury the fact that the plaintiff and the defendants had equal rights in the street and that an equal and reciprocal duty rested upon each to exercise reasonable care to avoid a collision. The court also gave full and explicit instructions in respect to negligence and contributory negligence. In view of all the circumstances and of the other instructions we think the jury could not have been misled into giving undue weight to the statement that plaintiff had the right of way.

4. Defendants further contend that they are entitled to a new trial on account of the misconduct of plaintiff's attorney in persistently asking improper questions and making improper statements in the presence of the jury. His conduct was censurable and we would be better satisfied if the court had enforced the rules of propriety with greater

strictness, but we are not justified in granting a new trial merely for the purpose of punishing the attorney. A similar situation was considered in Hammel v. Feigh, supra, page 115, 173 N. W. 570, and this case falls within the rule there stated.

Order affirmed.