## JOHN N. OFFERMAN v. YELLOW CAB COMPANY, INC.[1]

January 9, 1920.

No. 21,606.

**Negligence of cab driver — contributory negligence — damages.**

Late at night plaintiff walked south along the west side of Washington avenue in Minneapolis and crossed to the south curb of Fourth avenue which crosses Washington avenue at right angles. He then turned around and started back toward the north curb of Fourth avenue. After turning he saw defendant's cab on Washington avenue, 30 feet north of the street intersection, proceeding south. He did not look again and did not hear any warning signal until he was struck by it. The driver claimed he sounded his horn as he approached the corner. *Held*:

(1) The evidence made the questions of defendant's negligence and plaintiff's contributory negligence for the jury. The court cannot say as a matter of law that plaintiff, hearing no warning as he testified, was negligent in assuming that the cab would continue in the direction it was going when he saw it.

(2) As the cab was not coming toward plaintiff when he saw it and he did not see it after it turned in his direction, it does not follow that failing to sound the horn was not the proximate cause of the accident. The court did not err in charging the jury that, if the driver failed to sound his horn on approaching plaintiff, he was chargeable with negligence in failing to comply with this statutory requirement.

(3) The verdict of $1,200 was not excessive. [Reporter.]

Action in the district court for Hennepin county to recover $10,000 for personal injuries. The answer alleged that the collision between plaintiff and defendant's taxicab was due solely to plaintiff's carelessness and negligence. The case was tried before Steele, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony its motion for a directed verdict, and a jury which returned a verdict for $1,200. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*L. O. Rue*, for appellant.

*Tautges, Bruce, Bissell & Wilder*, for respondent.

[1]Reported in 175 N. W. 537.

Per Curiam.

Plaintiff recovered a verdict for personal injuries sustained in a collision with one of defendant's taxicabs at a street intersection in the city of Minneapolis, and defendant appealed from an order denying its alternative motion for judgment or for a new trial.

Washington avenue and Fourth Avenue South intersect at right angles. Late at night on October 26, 1918, plaintiff walked south along the west side of Washington avenue until he reached the curb on the south side of Fourth avenue and then turned around and started back toward the sidewalk on the north side of Fourth avenue. After turning back he saw defendant's cab on Washington avenue about 30 feet north of the street intersection. It was then proceeding south on Washington avenue. He did not look again and did not hear any warning signal and did not know that the cab had turned into Fourth avenue until it struck him. This in substance is plaintiff's account of how the accident happened. Defendant's driver gave a different account of it, and stated that he sounded his horn as he approached the corner. We think the evidence made a question for the jury as to defendant's negligence and also as to plaintiff's contributory negligence. If the cab had continued in the course in which it was going when plaintiff saw it, the collision could not have occurred. If the driver turned so as to approach plaintiff, the statute made it his duty to give warning by sounding his horn. We cannot say as a matter of law that plaintiff, hearing no warning as he testified, was negligent in assuming that the cab would continue in the direction in which it was going when he saw it.

Defendant contends that the court erred in instructing the jury that, if the driver failed to sound his horn on approaching plaintiff, he was chargeable with negligence for failing to comply with this statutory requirement. Defendant argues that, as plaintiff saw the cab, he had all the warning that a signal would have given, and that failing to sound the horn could not have been the proximate cause of the accident. This might be true if the cab had been coming toward plaintiff when he saw it, but it was not, according to his testimony, and he did not see it after it turned in his direction.

Defendant also contends that the verdict is excessive. Although inclining to the opinion that plaintiff did not sustain a very serious injury, we are unable to say that the amount of the verdict is so disproportionate to the injury, which the jury may have found that he sustained, as to justify this court in interfering with it after it has been approved by the trial court.

Order affirmed.