# JOHN A. LUNDBERG v. GEORGE J. ZIMMER AND ANOTHER.[1]

April 17, 1924.

No. 23,913.

**Pedestrian crossing street injured by automobile.**
1. Plaintiff in walking across a street was injured by an automobile driven thereon. Negligence in operating the car and contributory negligence of plaintiff were both jury questions.

**Liability of driver of car dependent on ownership of car.**
2. The jury were instructed that responsibility of appellant for the driver's negligence depended upon their finding that the title to the automobile had passed to appellant prior to the accident. The evidence sustains the finding that it had passed.

**Charge not prejudicial.**
3. Appellant cannot complain of the instruction that the case should be considered as if the driver was not a party defendant.

**Conflicting affidavits as to misconduct of juror.**
4. The trial court's decision, rendered upon conflicting affidavits, that there was no misconduct on the part of a juror, cannot be disturbed by this court.

**Reduced verdict not excessive.**
5. The damages as reduced are not excessive.

Action in the district court for Hennepin county to recover $11,000. The case was tried before Buffington, J., who when plaintiff rested denied defendant Zimmer's motion to dismiss the action and at the close of the testimony denied his motion for a directed verdict, and a jury which returned a verdict for $2,000. From an order denying his motion for a new trial, on condition, defendant George Zimmer appealed. Affirmed.

*George E. Young,* for appellant.

*George T. Simpson* and *John F. Dahl,* for respondent.

[1]Reported in 198 N. W. 407.

HOLT, J.

A verdict for $2,000 was returned in favor of plaintiff against defendant Zimmer. A motion for a new trial was denied, on condition that plaintiff consent to a reduction of the verdict to $1,500. Consent was filed. Zimmer appeals.

The action was based upon the alleged negligence of Zimmer and his servant or agent in driving an automobile owned by Zimmer against plaintiff, inflicting serious physical injuries. The collision occurred at the intersection of Elliot and Franklin avenues in the city of Minneapolis. Plaintiff was crossing Franklin avenue going north upon the easterly crosswalk of Elliot avenue and the automobile was proceeding west on the north side of Franklin avenue. It was broad daylight. The defendant Victor was driving and Zimmer was in the same seat. The automobile was a Briscoe, which up to that morning was the property of one Seaquist who was riding in the back seat.

Nothing of value will result from a review of the evidence bearing upon the negligent operation of the car, or the contributory negligence of plaintiff. There was the usual conflict. The solution was for the jury. It is contended that, because of some evidence of plaintiff appearing inalert and of having an unobstructed view of the approaching car, he was guilty of contributory negligence as a matter of law. We think not. A pedestrian in crossing a street not only has to be on the lookout for swiftly approaching vehicles from both directions, but also must watch his own steps. It is not for the courts to formulate a rule whereby responsibility for the many killings of pedestrains on our streets by automobiles may be readily shifted from the reckless drivers thereof to their helpless victims. When the front end of a rapidly driven vehicle strikes down a person walking, it ordinarily becomes a question of fact whether his negligence contributed to the mishap. This case is no exception.

The main contention on this appeal is that the evidence did not justify the jury in finding that Zimmer was the owner of the car and responsible for the negligence of the driver. Plaintiff's evi-

dence tended to show that Seaquist and Zimmer, previous to the day of the accident, contemplated trading cars. Victor was conducting a small garage in the block where Seaquist lived. Victor had Zimmer's car, a Studebaker, to repair, and was interested in effecting a trade. On the morning of the accident the parties made a bargain whereby Seaquist exchanged his Briscoe for Zimmer's Studebaker and $250 to boot. The Studebaker was taken from Victor's garage and placed in Seaquist's back yard, and Seaquist tendered his check for $250 to Zimmer. At this point the parties concluded to go to the court house and transfer the licenses on the cars, and Zimmer requested Victor to drive the Briscoe to the court house. On this trip the accident occurred, and the trip to the court house was abandoned for one to the hospital. Later in the day Seaquist tendered Zimmer $250 in cash, but was then refused, and finally the parties agreed to rescind the deal. It may be the trip was a joint enterprise of Zimmer, Seaquist and Victor, so as to make all liable, but that was not the theory upon which the case was tried or submitted. The court pointedly charged the jury that the verdict should be in favor of Zimmer, unless the parties prior to the trip had concluded the bargain, and both intended by what had been done to pass title of the Briscoe car to Zimmer. Our examination of the evidence leads to the conclusion that there is sufficient support for the verdict finding Zimmer the owner of the car which injured plaintiff. The Studebaker car had been delivered or set in upon Seaquist's premises. Zimmer had taken charge of the Briscoe, and asked Victor to drive it for him. The jury could so find.

Some other grounds for a new trial are urged, but need little notice. Victor was a party defendant. When served with summons, he was told by plaintiff's attorney that he need not answer. He had not answered. The court advised the jury to consider the case as if Zimmer was the only defendant. Error is based upon this instruction. There is no merit in the assignment. When Seaquist was testifying, plaintiff's counsel asked what arrangement he had with Victor regarding the trade. Counsel for Zimmer then ob-

jected because "Mr. Victor is not in the case at all." After this occurred the court charged as stated and no exception was taken, until in the motion for a new trial. When the trial opened Zimmer was called for cross-examination by plaintiff as the first witness, then Victor was called for the same purpose, but the attorney for Zimmer successfully prevented cross-examination because Victor had not answered. We think Zimmer is in no position to claim prejudice because of the instruction complained of.

As to the alleged misconduct of a juror, the trial court found the charge not sustained upon conflicting affidavits. That should end the matter.

The damages as reduced cannot be considered excessive.

Order affirmed.