ERWIN A. CHINANDER v. KARL DeLAITTRE.[1]

March 25, 1927.

No. 25,879.

**New trial in injury case granted because of apparent contributory negligence.**

Plaintiff, crossing street midway of a block, was run down by defendant's automobile. Upon the facts stated in the opinion, there is so much indication of contributory negligence that, there having been a substantial verdict for plaintiff, a new trial seems necessary in the interests of justice.

Appeal and Error, 4 C. J. p. 1199 n. 24.
Municipal Corporations, 28 Cyc. p. 913 n. 20.

See note in 1 A. L. R. 953; 12 A. L. R. 1371; 31 A. L. R. 572; 44 A. L. R. 162; 4 R. C. L. 1047; 1 R. C. L. Supp. 1262; 4 R. C. L. Supp. 304; 5 R. C. L. Supp. 266; 6 R. C. L. Supp. 283.

Defendant appealed from an order of the district court for Hennepin county, Salmon, J., denying his alternative motion for judgment or a new trial. Reversed and new trial granted.

*Snyder, Gale & Richards,* for appellant.

*Cobb, Wheelwright, Hoke & Benson* and *Tracy J. Peycke,* for respondent.

STONE, J.

In this action for personal injuries plaintiff had a verdict and defendant appeals from the order denying his motion for judgment or a new trial.

The injuries were caused by plaintiff's being run into by defendant's sedan midway of a block on a busy Minneapolis street. The time was near evening, but it was still so light that automobile headlights were not being used, and one of plaintiff's witnesses saw the accident so clearly from a position about 200 feet away that he

[1]Reported in 213 N. W. 44.

described the occurrence in detail. Plaintiff himself was a truck driver. He had just stopped his machine on his right-hand side of the street. He had business at a place on the other side directly opposite. His own narrative is this:

"I drove up there and parked the truck * * * stepped out and looked to my left first and saw no cars coming and started walking across, and looked to my right, and as I remember, didn't see any car, but as I got in the center of the street, or a little bit on the other side of the center of the street, I saw a car [defendant's] loom up in front of me. It seemed as though it was thrown at me. I hadn't seen it at all before the thing was about four or five feet from me and it came on me so sudden that I threw up my arm to guard myself away * * *. Instead of that I hit the glass in the front door * * * · he was going at such a speed that it almost pulled me off my feet and threw me on the pavement."

At the crossing which it had just passed, defendant's car had been stopped by a traffic signal. On the evidence, it could not have been going over 20 miles per hour, and that seems a high estimate. But assuming that to have been the speed, plaintiff's case remains open to a very strong argument of contributory negligence, along the following lines. Plaintiff must have been proceeding with little or no effort to protect himself from cars coming from his right. He either failed to look or, looking, paid little attention to what he saw, or deliberately took chances. Anderson v. G. N. Ry. Co. 147 Minn. 118, 179 N. W. 687. He does not claim to have seen defendant's car nor to have underestimated its speed. The circumstances do not permit us to indulge that surmise within the rule of Quinn v. Heidman, 157 Minn. 129, 195 N. W. 774, and Tobisch v. Villaume, 164 Minn. 126, 204 N. W. 568. There is not here the usual conflict of evidence present in Lundberg v. Zimmer, 159 Minn. 179, 198 N. W. 407. If there were distracting circumstances or conditions which made plaintiff's negilgence excusable, this record does not disclose them.

The pavement was somewhat icy and rutted. The extent to which that condition contributed to the accident is not clear. Plaintiff

does not claim that the car skidded into him. The testimony of the defendant's chauffeur is that when he saw that plaintiff was not going to keep out of the way he sounded his horn, applied the brakes, turned his car somewhat to the right and stopped without skidding. One eye witness does testify that the car began skidding when the driver applied the brakes, about 30 feet from the point of collision. He states that "about the time they collided I noticed Mr. Chinander throw up his one arm." But up to that time he had not seen him "do anything." "He didn't break into a run  *  *  * didn't stand still  *  *  *  just kept on walking."

In this situation, a majority of the court feel that there is enough merit in the argument of contributory negligence to make a new trial necessary in the interests of justice. Ordinarily, in such cases as this, whether the pedestrian has taken the precautions for his own safety necessary to satisfy the requirement of due care is one of fact and not of law. However, the law of contributory negligence still applies even in the case of a pedestrian run down by an automobile. There are possibilities that on another trial there will be available the testimony of additional eye witnesses, which will throw more light on the accident. That feature alone is considered enough to prevent the direction of judgment.

Order reversed.

WILSON, C. J. (dissenting).

I think there should be an affirmance on the theory that the record presented a question for the jury as to the plaintiff's contributory negligence.

Plaintiff parked his truck at the curb in the middle of the block. It was twilight. He looked both to his left and right as he was crossing the street. He saw no car coming. Defendant's car was coming from the right but apparently was then such distance away that he did not notice it. When he was past the center of the street the accident happened. There were icy ruts in the street. The front wheels were nearer the curb than the rear and the car came sort of sideways. Or as one witness puts it, the driver evi-

dently applied the brakes throwing the rear wheels out of the rut, because when the car hit plaintiff it was traveling sideways. There is testimony to the effect that the car skidded 30 feet before it struck plaintiff and went 50 to 70 feet beyond him. He was struck by the side of the car as it was coming sideways at an angle of almost 45 degrees. Defendant's car was traveling 20 miles per hour according to plaintiff's evidence and 15 miles per hour according to the testimony of defendant's driver. The auto came from about the street intersection to the place of the accident in six to eight seconds. Things were moving fast. Whether the plaintiff, in the exercise of ordinary care, should have known of the immediate presence of the car was for the jury. He is not required to constantly look for an approaching car. Yorek v. Potter, 166 Minn. 131, 207 N. W. 188. Had the car gone straight plaintiff might not have been injured. The jury could have found that he was struck solely because the automobile was skidding sideways. No one claims defendant's negligence was not for the jury.

The court should not establish a precedent, holding plaintiff guilty of contributory negligence as a matter of law, which must be recognized in the future as binding under the rule of stare decisis.

DIBELL, J.
I concur in the dissent of the Chief Justice.