JENNIE SCHENDEL v. STENA KLEIN AND ANOTHER.[1]

April 16, 1943.

No. 33,430.

*Lauerman & Pfeiffer*, for appellant.

*L. D. Barnard* and *T. O. Gilbert*, for respondents.

JULIUS J. OLSON, JUSTICE.

Plaintiff's action to recover damages for personal injuries resulted in a verdict for defendants. She appeals from an order denying her motion for new trial.

Trunk highway No. 212 passes through the village of Olivia in an easterly-westerly direction. It is a main, if not its principal, thoroughfare. Plaintiff and her sister were walking northerly on their way to the post office on the west side of a north-south street which crosses the highway at right angles. There are stop signs on both sides of the trunk highway warning north-south traffic to stop before entering the highway.

[1]Reported in 9 N. W. (2d) 342.

Defendants are husband and wife. The car, a model A Ford, is owned by the wife but was being driven by her 65-year-old husband at the time of the accident. They occupied the front seat, their daughter the rear seat. The car was operated at a slow rate of speed, estimated at about 20 miles per hour. The accident happened at 2:30 o'clock in the afternoon of December 2, 1941. There was no other traffic, and there were no distracting circumstances to interfere with orderly and safe pedestrian and vehicular traffic.

The driver saw the ladies approaching from the south, and they saw his car coming from the west and heading east when about half a block away. The traffic lane defendants were using is of concrete, 10 feet in width, and so is the other lane going west. Up to this point there is no substantial dispute in the evidence. Viewing the remaining evidence in the light most favorable to the verdict, the jury could find that when the driver was about 20 feet west of the intersection he sounded his horn and that plaintiff and her sister proceeded slowly a few feet and then stopped, giving the driver the impression that they would remain there until the car had gone by. But suddenly and unexpectedly and when the car was only a few feet away, plaintiff rushed forward. She "spurted" or "lunged" ahead so that the right front fender came in contact with her. She fell or was knocked down, and the rear wheel of the car ran over her legs. The driver, thus suddenly and unexpectedly confronted with what to his mind appeared to be conduct so utterly devoid of what prudence naturally would dictate, on the spur of the moment sought to avoid hitting her by sharply turning his car to the left, but it was too late. The impact occurred, and plaintiff was hurt, fortunately not seriously. The sister remained where she was and, of course, was not touched.

■ The court submitted the questions of the driver's negligence and plaintiff's contributory negligence to the jury. We think the record leaves no doubt that these were appropriate matters for a jury's consideration and determination. We find nothing in the instructions, reading them as a whole, likely to mislead or confuse the jury.

■ The only problem in the case, if there is one at all, relates to the court's instruction on the subject of sudden emergency. Plaintiff objected to the giving of a charge on that phase. Viewing the evidence, as we must, from the evidence most favorable to the verdict, we think that under the doctrine of our recent cases, the latest being Merritt v. Stuve, 215 Minn. 44, 58, 9 N. W. (2d) 329, 336, the question was properly for the jury. Here, as in that case, "the first time" the driver became aware of impending danger was "when he was suddenly confronted" with plaintiff's unexpected conduct in rushing forward "immediately in front of him" and in "his normal path of travel." Also, as in that case, "the trial court did not instruct the jury that the evidence presented a situation to which they necessarily had to apply the emergency doctrine. It was left to them to determine whether it should be applied, depending on how the facts were decided."

Order affirmed.