# EDWARD S. GAREY v. CYRUS C. MICHELSEN.[1]

January 21, 1949.

No. 34,721.

[1]Reported in 35 N. W. (2d) 750.

*Bowen & Bowen,* by *Ivan Bowen* and *Robert M. Bowen,* for appellant.

*Freeman, King, Larson & Peterson* and *Robert L. Hoppe,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for personal injuries sustained by plaintiff on October 10,

1946, when he was struck by a car driven by defendant while he was crossing Elliot avenue in Minneapolis near the Sears-Roebuck building. The jury returned a verdict for defendant. From an order denying plaintiff's motion for a new trial, plaintiff appealed.

The accident occurred about 6:20 p. m. as plaintiff was crossing from the west to the east side of Elliot avenue, some 200 feet north of its intersection with Lake street, with the intention of entering the Sears-Roebuck building through the Elliot avenue entrance. It was dark and rain was falling. Defendant, driving his car north on Elliot avenue at about 15 miles per hour, first saw plaintiff when the latter was five or six feet in front of his car. After contact with plaintiff, defendant brought his car to a stop within seven or eight feet from the point of impact.

There is evidence to indicate that plaintiff was crossing in a diagonal direction, with his collar pulled up. He testified that, although he looked before starting across Elliot avenue, he saw no cars coming from either direction, and that he looked no further after starting to cross. He did not see defendant's car until it was actually in contact with him. Defendant's lights were on, and he was driving on his right-hand side of the avenue.

At the close of the testimony, plaintiff submitted written requests for instructions, including the following:

"VIII

"The fact that plaintiff was crossing the street at a place other than a crosswalk did not absolve the driver of the automobile from the duty to exercise ordinary care under the circumstances, nor make the plaintiff guilty of contributory negligence.

"IX

"* * * the statutes of this state provide that reports made in connection with accidents by persons involved therein, and law enforcement officers, are for the confidential use of the Highway Department for accident prevention purposes. The laws further provide that no such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, and that the disclosing of any information contained in any accident report is unlawful. The

law does not prevent any person who has made a report from testifying in any trial arising out of an accident as to facts within his knowledge. * * *"

Instruction No. IX above was refused by the court. With reference to No. VIII, it instructed the jury as follows:

"The next statute I shall read is as follows:

" 'Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway. Notwithstanding the provisions of this section, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and give warning by sounding the horn when necessary and exercise proper precaution.'

"That means that a pedestrian can cross a street at a place other than a crosswalk, that is, right in the middle of the block, when it is in the city, and not be guilty of negligence merely by the fact that he crossed the street other than on the crosswalk, but he must yield the right-of-way to vehicles that are on the street, but also the driver of a vehicle must exercise the ordinary care or precaution not to strike pedestrians, even though they are crossing at a place other than the crosswalk."

After the jury was sworn but before it had left the jury box, the court, at the request of defendant, added the following to its instructions:

"* * * counsel have requested that I caution you with respect to considering anything but the facts and the law as given to you by the court and that you should approach this testimony without any feeling of sympathy or bias one way or the other in the case. Of course, that is always understood on the part of jurors in considering a case."

Counsel for plaintiff excepted to the latter instruction as follows:

"Exception to the last instruction of the court, the instruction that the judge gave the jury after the close of his charge at the re-

quest of defendant's lawyer, as it stresses out of all reason the point as regards its importance, coming at that time. Counsel for defendant made no request for such instructions before the court started the charge."

On appeal, plaintiff asserts: (1) The evidence clearly indicates that defendant was guilty of negligence as a matter of law; (2) the court submitted the issue of plaintiff's contributory negligence under an incorrect charge; (3) the court erred in denying plaintiff's request to strike the testimony of a police officer on the ground that it was privileged under M. S. A. 169.09; (4) the court erred in sustaining certain objections to questions propounded witnesses, as hereinafter outlined; and (5) the court erred in adding to its charge instructions to the effect that the jury should approach the testimony without any feeling of sympathy or bias, one way or the other, in the case.

■ From the evidence described, it is clear that the court could not have charged the jury that defendant was negligent as a matter of law. If his undisputed testimony is true, and the jury was entitled to believe that he was truthful, he was driving his automobile properly, at a lawful rate of speed, with his lights on, and his brakes in good operating condition. He had no opportunity of sounding his horn before coming in contact with plaintiff, and he brought his car to a stop some seven or eight feet after it struck plaintiff. Under such circumstances, he could not be held guilty of negligence as a matter of law, and this issue was properly submitted for the jury's determination. See, Loverage v. Carmichael, 164 Minn. 76, 204 N. W. 921; Offerman v. Yellow Cab Co. Inc. 144 Minn. 478, 175 N. W. 537; LeVasseur v. Minneapolis St. Ry. Co. 221 Minn. 205, 21 N. W. (2d) 522; Schendel v. Klein, 215 Minn. 73, 9 N. W. (2d) 342; Smith v. Barry, 219 Minn. 182, 17 N. W. (2d) 324.

■ Plaintiff asserts that the evidence discloses no negligence on his part, and, in particular, he charges that the court erred in failing to give his requested instruction No. VIII, as above set forth, on this issue. We find no error in this respect. It is clear that the jury might find plaintiff guilty of crossing the street at the time and

place in question without keeping a proper lookout for vehicles. It is to be noted that plaintiff's counsel did not request an instruction that plaintiff was free from contributory negligence. Rather, he requested merely that the court charge that plaintiff's act in crossing at a place other than a crosswalk did not constitute contributory negligence as a matter of law.

The court's instruction on this issue, in which the statute was quoted verbatim, was in substance the same as the instruction requested and would seem to be entirely adequate on this issue. See, Archer v. Skahen, 137 Minn. 432, 163 N. W. 784; Theisen v. Durst, 138 Minn. 353, 165 N. W. 128; Chinander v. DeLaittre, 171 Minn. 11, 213 N. W. 44; Plante v. Pulaski, 186 Minn. 280, 243 N. W. 64; Quinn v. Heidman, 157 Minn. 129, 195 N. W. 774; LeVasseur v. Minneapolis St. Ry. Co. 221 Minn. 205, 21 N. W. (2d) 522, *supra*.

■ Plaintiff asserts that the trial court's instruction on the issue of plaintiff's negligence was incorrect because of the statement therein that—

"if you find that the plaintiff was negligent in any degree whatsoever, then you need go no further. That ends the case, and your verdict would be for the defendant."

Error is charged, since the court did not specify therein that such negligence must proximately contribute to the accident before it would absolve defendant from liability. No exception was taken to this part of the charge, nor was it assigned as error in plaintiff's motion for new trial. It is assigned as error for the first time on appeal.

In its charge the court subsequently stated:

"* * * In order for the plaintiff to recover, it will be necessary for the plaintiff to prove that the defendant was negligent and that that negligence was the proximate cause of this accident. If the plaintiff has proven it, then he or she may recover. The burden of proof on that question is on the plaintiff.

"I will now define for you proximate cause. The proximate cause of injury is that which causes it directly and immediately, or through

a natural sequence of events, without the intervention of another independent and efficient cause; that is, the question is: is there an unbroken connection between the wrongful act of negligence and the injury?

"I will now define for you negligence. Negligence is the failure to exercise such care as a reasonably prudent person would exercise under like or similar circumstances. That is to say, the general standard of care required by the law is ordinary or reasonable care. * * *

* * * * *

"If the plaintiff failed to exercise the care that a person of ordinary prudence would have exercised under the same circumstances, it constitutes negligence; and if his negligence contributed proximately in any degree to the cause of the injury, he was in law guilty of contributory negligence, and cannot recover."

Under all the circumstances, we feel that whatever error might have existed in that portion of the charge complained of was cured by the subsequent charge as quoted. See, 6 Dunnell, Dig. & Supp. § 9798.

■ A police officer, who arrived at the scene of the accident shortly after it occurred and made an official report to the highway department in the course of his duties, was asked to testify as to certain remarks made to him by plaintiff upon his arrival at the scene of the accident. At that time, these remarks had been written down by the officer in a small notebook carried by him and which he used to refresh his memory at the time of his examination upon the trial. Plaintiff asserts that these remarks, thus related, were privileged under M. S. A. 169.09, subd. 13. With reference thereto; it is to be noted that § 169.09, subd. 13, under which testimony of this type was declared privileged, was amended by L. 1947, c. 114. Prior to the amendment the statute provided:

"All required accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the confidential use of the department [of highways] for accident

prevention purposes, * * *. No such report or contents thereof shall be used as evidence in any trial, civil or criminal, arising out of an accident, and no person in any trial or action shall be examined or testify as to such report nor as to the making thereof or the contents thereof, * * *."

By the 1947 amendment, this section was changed to read as follows:

"* * * No such *report* shall be used as evidence in any trial, civil or criminal, arising out of an accident, * * *. Disclosing any information *contained in any accident report, except as provided herein,* is unlawful and a misdemeanor.

"*Nothing herein shall be construed to prevent any person who has made a report pursuant to this chapter from testifying in any trial, civil or criminal, arising out of an accident, as to facts within his knowledge.* It is intended by this subdivision to render privileged the reports required but it is not intended to prohibit proof of the facts to which such reports relate." (Italics supplied.)

In Lowen v. Pates, 219 Minn. 566, 18 N. W. (2d) 455, and Hickok v. Margolis, 221 Minn. 480, 22 N. W. (2d) 850, determined before the above amendment became effective, it was held that if, to refresh his memory, reference was made by a police officer to a memorandum made at the time of an accident report, the information thus obtained was privileged and inadmissible under § 169.09.

In view of the changes made by L. 1947, c. 114, however, it seems clear that the legislature intended testimony of this kind to be admissible. Even though the officer may have used his notebook to refresh his memory, he was nonetheless testifying to facts within his knowledge, and his testimony with reference thereto was properly admissible under· the amended statute. All that is rendered privileged thereby is the report itself or information gained directly therefrom. Here, the report was not used, either directly or indirectly, to gain knowledge of the facts concerning which the officer testified. Rather, such facts were within his personal knowledge, and

his testimony with reference thereto was properly admissible. See, Rom v. Calhoun, 227 Minn. 143, 34 N. W. (2d) 359.

■ We find no reversible error in connection with the trial court's action in sustaining objections to the admission of certain testimony. Questions were propounded to both plaintiff and defendant relative to conversations between parties not present at the time of the accident. There is nothing in the record to indicate the materiality of the evidence sought by such questions. No offer of proof was made as to what would be shown thereby, and there is nothing from which we can determine whether the evidence sought to be adduced was material to the issues. In consequence, we cannot hold that the exclusion of such testimony constituted reversible error. See, 1 Dunnell, Dig. § 346.

■ We find no error in the court's admonition to the jury after the jury had been sworn and the instructions completed that it "should approach this testimony without any feeling of sympathy or bias one way or the other in the case." This is a correct statement of the law, and there is nothing in the record to indicate that it was unduly emphasized or that the jury considered it to the exclusion of the evidence upon which the case was to be determined.

■ There are a number of other assignments of error. We have considered them carefully, and we find nothing which would justify a reversal. To discuss all such assignments separately would unduly extend this opinion.

Affirmed.