## JOSEPH H. PROVINSAL v. C. E. PETERSON.[1]

### November 22, 1918.

### No. 20,998.

**Negligence — evidence insufficient.**

1. In an action for personal injuries resulting from the alleged negligent operation of an automobile, it is *held* that the evidence fails to show actionable negligence, and that there was no error in the order of the trial court directing a verdict for defendant.

**Speed of automobile — exclusion of evidence.**

2. The record presents no reversible error in the exclusion of evidence as to the speed of the automobile.

Action in the district court for Hennepin county to recover $50,100 for injuries received through the alleged reckless driving of an automobile. The answer alleged negligence on the part of plaintiff. The case was tried before Fish, J., who when plaintiff rested granted defendant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*W. F. Donohue,* for appellant.

*Mead & Bryngelson,* for respondent.

BROWN, C. J.

Action for personal injuries alleged to have been caused by the negligence of defendant, in which defendant had a verdict and plaintiff appealed from an order denying a new trial.

It is contended in support of the appeal: (1) That the trial court erred in directing a verdict for defendant; and (2) that there was error in the exclusion of certain evidence offered by plaintiff in proof of the allegations of the complaint as to the negligence of defendant. Neither of these contentions is sustained.

[1]Reported in 169 N. W. 481.

1. There is no material dispute as to the facts of the case, which are substantially as follows: Defendant was operating his automobile upon a street known as Mary Place in the city of Minneapolis. As he approached Eleventh street, which crosses Mary Place at right angles, plaintiff stepped from the sidewalk, intending to cross Mary Place on the cross-walk, and walked directly into or against the automobile and was thrown to the ground and injured. He was struck by the rear wheel and rear fender; a step forward as he came up to the moving automobile brought his foot directly in the path of the rear wheel, and the toe of his shoe was run over.

The accident occurred at about one o'clock in the afternoon of June 2, 1917. There were no obstructions to a clear view up and down the street plaintiff was intending to cross, and he testified that he looked in both directions but did not see the approaching automobile, though it must have been in plain view at the time and not far away. It appears in this connection that plaintiff's eyesight is defective, and no doubt that accounts for his failure to see the automobile. There is, however, no evidence that defendant knew anything about his defective vision, or that the particular situation, in the movements of plaintiff or otherwise, was such as to suggest the same. To avoid the fact, apparent from the manner in which the accident happened, that plaintiff walked directly into the moving automobile, and thus brought on his injuries, his counsel suggest that the automobile, which the evidence tends to show was going straight down Mary Place, might have swerved suddenly to turn the corner down Eleventh street, thus causing the rear end thereof to come against and strike plaintiff. This suggestion is not sustained or supported by any evidence we have been able to find in the record. If such was the fact plaintiff had the burden to show it. This he failed to do.

In this state of the evidence, taken as a whole, and which is without substantial dispute, we are clear that the learned trial court correctly held as a matter of law that no actionable negligence was shown. A verdict was therefore properly directed for defendant.

2. Plaintiff offered to prove that the automobile was being run at an excessive rate of speed, and the evidence was excluded on defendant's objection as immaterial. Plaintiff contends that the ruling was error for which a new trial should be granted. In this we do not concur. It

seems clear that the speed of the automobile had nothing to do with the accident. Plaintiff did not see it approaching, and the speed thereof in no way could have deceived or misled him. He walked into the car and got hurt, and that is all there is to the situation.

Order affirmed.