## JOHN E. BOWERS, SPECIAL ADMINISTRATOR, ETC. v. COLONIAL WAREHOUSE COMPANY AND ANOTHER.[1]

November 24, 1922.

No. 22,987.

**When refusal to give instruction is not subject to review.**

1. Unless an instruction requested is correct in form and applicable to the situation presented by the evidence, error cannot be predicated on the refusal to give it.

**Failure of driver to sound horn not a violation of statute.**

2. The driver of the auto vehicle in this case was not approaching the pedestrian so that a failure to sound the horn was a violation of section 2632, G. S. 1913.

**Pedestrian negligent—driver of truck free from blame.**

3. It appeared that at a street crossing the driver of an auto truck

[1]Reported in 190 N. W. 609.

stopped and started in obedience to the signal of a traffic policeman, that he started slowly when no one was in front of the truck, and that before the whole length of the truck had passed the first crosswalk a pedestrian approached thereon and heedlessly walked into the side of the truck back of the driver's seat. It is *held* that the jury could not well find the driver negligent, and no other verdict than the one rendered for defendants could stand.

Action in the district court for Hennepin county to recover $8,000 for the death of plaintiff's intestate. The case was tried before Hale, J., who at the close of the testimony denied defendants' separate motions for directed verdicts, and a jury which returned a verdict in favor of defendants. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Loring & Anderson* and *A. A. Tenner,* for appellant.

*Hoke, Krause & Faegre, Tracy J. Peycke* and *R. F. Merriam,* for respondents.


HOLT, J.

Plaintiff's intestate, a lad 15 years old, walked into the side of a moving truck on Hennepin avenue in Minneapolis, on November 18, 1920, stumbled and fell so that one of his legs was crushed under the rear wheel, resulting fatally. In this action to recover damages against the driver and his employer a verdict was returned for the defendants. Plaintiff appeals from the order denying a new trial.

The only error assigned is the refusal of the court to instruct as follows: "Upon approaching a pedestrian who is upon the traveled part of any highway * * * every person operating a motor vehicle shall slow down and give timely signal with his bell, horn or other device for signaling." This statute "is mandatory and requires the driver of a motor vehicle to slow down upon approaching a pedestrian upon the traveled part of a highway and upon approaching an intersecting highway, and to give timely signal with his bell, horn or other device for signaling." The statute referred to in the request, is the last sentence in section 2632, G. S. 1913. The request to charge was made orally and did not correctly quote the statute. It is quite clear that as then worded by the

attorney it could not have been given, for the court was virtually asked to instruct as a legal proposition that the driver was negligent, it being admitted that he gave no signal. Nor do we think it was error to refuse to give that part of the request which purports to quote part of the statute referred to, for the situation disclosed by the evidence made it inapplicable. The facts were substantially these:

Fifth street crosses Hennepin avenue at right angles. On both streets are double tracks whereon street cars are operated. A traffic policeman with a semaphore to control the crossing was stationed at the intersection at a point east of the Fifth street tracks and far enough north of the Hennepin avenue tracks to clear the street cars moving thereon. The time was about ten minutes after 12 o'clock noon, on the day in question. As the truck proceeded westerly on the northerly side of Hennepin avenue, the semaphore mentioned was set against it on arriving at Fifth street, and it stopped. At that time, or directly thereafter, a street car also going westerly on Hennepin avenue stopped to take on and discharge passengers. Just how many feet north of the street car the truck was is not disclosed, but the so-called safety zone was between, and the truck had to keep north of the traffic policeman. When the latter turned the semaphore directing traffic to proceed westerly, the truck started, and, as the driver passed the street car, still standing, he noticed the deceased approaching from the left as the latter was crossing the southerly car track. He testified that after the cab in which he was sitting passed the cross walk he turned his head back and saw the boy coming with his head turned over his left shoulder and unmindful that he was walking right into the side of the truck. At once the brakes were applied, and the truck stopped within 3 or 4 feet. At no time did the truck move faster than at the rate of 3 or $3\frac{1}{2}$ miles per hour. The truck is 19 feet long. The driver's seat in the cab is 7 feet back of the front bumper. The body back of the cab is 12 feet long with the rear axle midway thereunder. The body extends $10\frac{1}{2}$ inches beyond the cab. The evidence is undisputed and conclusive that the boy walked into the side of the truck back of the cab. His course was at right angles with that of the truck, as he

was crossing from the Lumber Exchange building to the northeast corner of Hennepin and Fifth. It cannot therefore be said that the driver was approaching the boy. The latter was never in front of the course of the truck, and it would have been misleading to read to the jury the part of the statute plaintiff asked, even had the balance of the request been properly framed.

We are not impressed with the position taken by respondent and by the learned trial court that the statute was not designed to require a signal, unless the approached pedestrian is where the driver's view is obstructed. When a driver of a motor vehicle is approaching a pedestrian upon a street or public highway he is required to slow down and give timely warning, that is, if the course of the vehicle is toward the pedestrian or toward the point where the pedestrian's course is apt to cross in front of the vehicle. It may well be that, even after having safely passed a pedestrian, the driver may still be required to warn or to stop, but that would be under the ordinary requirements of the law of due care and not because of this statute.

This crossing was in control of a traffic officer, and there was testimony that it was customary not to sound the horn of an auto vehicle at such crossings. In view of this phase of the case and also, we think, properly covering the matter of the driver's duty to warn, the court charged as follows: "Now, there has been some evidence introduced as to what the custom was, of people driving automobiles and trucks, when coming to street intersections, to not as a general thing blow their horns. This is an element in the case for the jury to consider. It is not binding upon the jury. That may be the custom, but there might be circumstances and conditions where a man in the use of reasonable and ordinary care would not regard a custom of that kind but would be required to give a signal. That is for the jury to determine."

Even had there been some merit in the error assigned, it ought not to result in a new trial. There is slight prospect that other evidence is available to change the situation as disclosed in this trial. Here the driver comes to a street intersection and stops in obedience to a traffic officer's signal, and starts at very moderate speed

when the signal to cross is given. When he so starts no one is in front of the course of his vehicle. The deceased walks into the truck after more than 7 feet of the front end has passed his course. The driver, as soon as he notices the pedestrian's self-created peril, stops at once. There seems to be no basis in this situation for a jury to predicate a finding of negligence on the driver's part. It is equally difficult to see how there can be escape from finding the deceased guilty of contributory negligence. The evidence in this case calls more persuasively for a directed verdict in favor of defendants than in Provinsal v. Peterson, 141 Minn. 122, 169 N. W. 481.

In making the above statements as to the facts we have not overlooked the deposition introduced by plaintiff, but do not think it in any material manner contradicts the testimony of the other witnesses, especially the clear cut account given by Mr. and Mrs. Steele, who were walking 2 feet behind the boy. The conclusion being that plaintiff should not have a new trial as to the driver, it is not necessary to consider the contention made by the master that the driver was not in the course of his employment when the accident took place.

The order is affirmed.