## JOHN L. PETTYGROVE v. AUGUST J. HECHT:[1]

### May 2, 1924.

### No. 23,911.

**Bicycle rider on country road not guilty of contributory negligence.**

1. Plaintiff in riding a bicycle upon the left side of a wide country road was not as a matter of law guilty of contributory negligence so as to defeat a recovery of damages from defendant whose automobile, negligently operated, ran plaintiff down.

**Question of wanton negligence for jury.**

2. The evidence justified the submission of defendant's wanton negligence to the jury.

Action in the district court for Clay county to recover $11,830 for injuries received in collision between an automobile and a bicycle. The case was tried before Nye, J., and a jury which returned a verdict for $1,130.70. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Garfield H. Rustad,* for appellant.

*George E. Perley* and *Charles A. & Charles M. Pollock,* for respondent.

HOLT, J.

Plaintiff had a verdict, and defendant appeals from the order denying a new trial.

About noon, September 7, 1922, plaintiff on a bicycle was going south upon the highway leading from Moorhead to Comstock. When within a mile of the latter place, defendant's automobile overtook him, and, in attempting to pass, ran him down, inflicting injuries which occasioned this suit. The negligence alleged was unskilful control of the car, excessive speed and failure to warn plaintiff of defendant's approach. The answer admitted that a collision oc-

[1]Reported in 198 N. W. 809.

curred, but denied that it was due to defendant's negligence, and alleged contributory negligence as a defense.

There are only two assignments of error presented by the appeal, viz: (a) The sufficiency of the evidence; and (b) the propriety of submitting the question of wanton negligence.

In challenging the sufficiency of evidence to warrant a recovery, defendant takes the position that, as a matter of law, the record establishes plaintiff's contributory negligence, because admittedly he was traveling on the left or easterly side of the roadway going south. It appears that the highway is wide, the graded roadbed being over 2 rods in width. Plaintiff came into the road from the east. He testified that he could look far both north and south and saw no one upon the road; that it was smoother east of the wheel tracks or near the edge of the grass than in any other place, and in that space he traveled until struck down; that there was a strong wind from the south, and that he received no warning of defendant's approach until the instant of collision when the horn was sounded. Defendant, and the 3 parties with him in the car, say plaintiff was cycling on the left hand side of the road; that the horn was sounded when within 150 to 180 feet of him; that he did not yield the road; that they concluded there was room to pass to his left, and that, as they were attempting to do so and were within 18 feet of him, he suddenly veered to the left and ran in front of the automobile with the result stated. Each side testified as to damaging admissions made by the other. It is clear that upon this conflicting testimony contributory negligence did not appear as a matter of law.

A traveler upon the ordinary country highway is not by statute restricted to the use of any part thereof except when meeting or passing other travelers, or when seasonably notified by them of a desire to pass him. It was for the jury here to say whether plaintiff was so notified by defendant of a desire to pass. A pedestrian or one driving a slow-moving vehicle is not as a matter of law required to be continually looking back to discover and yield the road to those approaching from behind in speedier conveyances. As said by the court in Marshall v. Taylor, 168 Mo. App. 240, 153 S. W. 527: "The statute contemplates and requires the driver of the

wagon not to keep looking back in anticipation of being overtaken by a motor vehicle traveling in the same direction, but to act with reasonable diligence to give free passage to such vehicle on being informed of its approach behind him." The situation on this country road was not at all like that in Terrill v. Virginia Brewing Co. 130 Minn. 46, 153 N. W. 136, L. R. A. 1915E, 1028, Ann. Cas. 1917C, 453, involving the application of section 2634, G. S. 1913, to a city street.

Defendant concedes the charge regarding wilful or wanton negligence to be accurate and complete, but contends the evidence does not justify the submission of that question to the jury, relying on Lando v. Chicago, St. P. M. & O. Ry. Co. 81 Minn. 279, 83 N. W. 1089, and cases therein cited. Such negligence was not pleaded, but no objection was made at the trial to its submission. In fact, at the conclusion of the charge, the court inquired of counsel if there were any exceptions, and the record states: "No exceptions." The court so minutely and at great length specified the constituent elements of wilful or wanton negligence that its submission could not possibly have escaped the attention of counsel. And it is doubtful whether he is now entitled to raise the question of the sufficiency of the evidence upon that issue. But, waiving the point, we think the jury, accepting as true plaintiff's testimony that he kept a straight course up to the collision, could fairly conclude that the attempt to pass between him and the ditch to his left was a wanton and reckless disregard of his safety. In so limited a space there was no chance of avoiding injury to him. For all that appears there was more than abundant room for passing on the right. If defendant sounded the horn when so far away from plaintiff as 180 feet, the indication from plaintiff's conduct was that he did not hear it on account of the strong head-wind prevailing.

Viewing the whole situation from plaintiff's testimony that he was cycling in an even and straight course within a very few feet of the easterly edge of the ditch, there was no excuse for defendant running him down in broad daylight after having had him in plain sight for more than a quarter of a mile. Plaintiff's position, immediately in front of the automobile, seemingly unaware of its

approach, was obviously to those in the car one of extreme peril. It mattered not whether his negligence brought him there. If then there was ample time and opportunity to avoid striking him, the jury could find that running directly over him was an act of recklessness or wantoness. Of course, as defendant and his witnesses related the occurrence, there was neither wanton nor any other sort of negligence. But as indicated there was a sharp conflict between plaintiff's and defendant's witnesses. The jury accepted plaintiff's as true by the verdict which has the approval of the learned trial court, and we discover no error that warrants a new trial.

The order is affirmed.