# CATHERINE SHORE v. HYMAN J. MINTER AND ANOTHER.[1]

July 18, 1924.

No. 24,081.

**Verdict for $1,000 sustained.**
1. Defendants' automobile ran down plaintiff at a street intersection. There was evidence that no warning of its approach was given by the driver of the automobile. Other circumstances of the collision are in doubt. *Held* that the verdict finding defendants guilty of negligence should not be interfered with.

**Standing on pavement close to curb not contributory negligence as matter of law.**
2. Plaintiff's testimony indicates that she had been standing for some minutes on the pavement but close to the curb. In fact, she may have had one foot on the curb. In that situation it cannot be said as a matter of law that she was guilty of contributory negligence.

Action in the district court for Hennepin county against the partners of Minter Bros. Candy Company to recover $10,550 for injuries caused by their automobile. The case was tried before Leary, J., who when plaintiff rested and at the close of the evidence denied defendants' motions for a directed verdict, and a jury which returned a verdict for $1,000. Defendants' motion for judgment notwithstanding the verdict was denied. From the judgment, defendants appealed. Affirmed.

*R. F. Merriam* and *H. A. Wright*, for appellants.
*John D. Greathouse*, for respondent.

STONE, J.
Action for personal injuries wherein there was a verdict for plaintiff, a motion for judgment notwithstanding the verdict which was denied, and judgment accordingly for plaintiff. From that judgment defendants appeal.

The only question here is whether there was any evidence to support the verdict.

[1]Reported in 199 N. W. 744.

In company with her sister and a gentleman friend, plaintiff was standing at the northwest corner of the intersection of Lyndale and Hawthorne avenues in Minneapolis at about 9 p. m. of May 29, 1922. Plaintiff, as she was standing with one foot on the curb and the other in the driveway, or as she had just started to cross Lyndale, was struck by a light motor truck driven by one of defendants and coming from the north.

Plaintiff was wholly unaware of the approach of the automobile. Its driver was equally oblivious of the presence of plaintiff. There was evidence that it was raining and also that it was not. The usual claims of negligence and contributory negligence are in the case.

1. The question of defendants' negligence was clearly for the jury. The conditions surrounding the accident are by no means agreed upon. There is evidence that, as the automobile approached plaintiff, no warning of its approach was given. Under such circumstances, it is not permissible for us to say, as a matter of law, that there was no proof of negligence on the part of defendants.

2. The issue of contributory negligence is not so easily disposed of. The plaintiff's testimony as to her position when run down is as follows:

"A. As near as I can recall, we were standing right on the sidewalk and we turned to step around, and I stepped off the sidewalk with one foot, one foot on the street and one foot on the curb. Q. Do you know how long you had been standing in that position? A. Not over a few minutes. Q. What were you doing when the accident happened? A. Standing there talking. Q. What happened then? A. Well, I don't know what happened. A car came along and hit me and that was the last I know."

A strong argument can be made to the effect that one who takes such a position and holds it, as plaintiff says she did, on the edge of a busy automobile thoroughfare like Lyndale avenue, is guilty of contributory negligence as a matter of law. But enough can be said to the contrary to prevent our setting aside the verdict of the jury based upon their conclusion that such conduct in this case was

not negligence. At the time being, the traffic does not appear to have been at all heavy. There is a question of fact, and therefore the jury's conclusion is controlling.

Plaintiff's quoted testimony differentiates the case from Provinsal v. Peterson, 141 Minn. 122, 169 N. W. 481, and Feyrer v. Durbrow, 172 Wis. 71, 178 N. W. 306. In those and similar cases the plaintiff was considered guilty of contributory negligence because of an attempt to cross a street in front of approaching automobiles without taking any precautions whatsoever against being run down by them. So far as the circumstances convicted the defendants of negligence, they were at least equally condemnatory of plaintiff. Here, as already indicated, we cannot reach the same conclusion as a matter of law.

Order affirmed.