## LIZZIE PACH v. CHIPPEWA SPRINGS CORPORATION.[1]

December 5, 1924.

No. 24,139.

**Verdict for $2,500 not excessive.**

Action by pedestrian to recover for injuries received from an automobile truck while she was attempting to cross a street on the cross walk. Record examined and *held*: (1) That the question of plaintiff's contributory negligence was for the jury; and (2) damages not excessive.

Action in the district court for Hennepin county to recover $12,000. The case was tried before Dickinson, J. and a jury which returned a verdict for $2,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Snyder, Gale & Richards*, for appellant.

*Hubachek & Schall* and *A. X. Schall, Jr.*, for respondent.

WILSON, C. J.

This is an appeal by defendant from an order denying an alternative motion for judgment notwithstanding the verdict or for a new trial.

The important question in the case is the claim that plaintiff was guilty of contributory negligence. Plaintiff, with a small child, walked southerly on the west side of Hennepin avenue in Minneapolis to Eleventh street. Defendant's truck traveled northerly along the easterly side of Hennepin avenue and made a left hand

---

[1]Reported in 201 N. W. 293.

turn onto Eleventh street. There were 6 or 8 persons, or more, standing near the curb on the sidewalk along which plaintiff walked. She said when she got near Eleventh street she looked and didn't see any cars coming. Later she said: "When I started stepping off I looked and a truck was right in front of us, so I grabbed my little girl and I threw her on the sidewalk," etc. Plaintiff said she had taken just one ordinary step down off the curb when she looked the second time and the truck then was right in front of her, and that the front wheel hit her and caused her to fall on her right side, and the right front wheel of the truck crushed her foot against the curb causing her injuries which have brought her much trouble. The driver said he did not know whether the truck struck her or whether she walked into the truck.

Unfortunately the record does not show how much time elapsed between the first and second times that she looked. Nor does it disclose her movements in detail in the meantime. There is no way to determine where the truck was when she first looked, nor how far it traveled before she looked the second time. The driver said he stopped the truck on Hennepin, before arriving at the cross street, to let off a person riding with him. He also said that he stopped the truck as he approached the cross walk on Eleventh street to see if the people standing at the curb were going to go across, and when they did not, he started up, and as he did so she stepped off the curb. Again the record fails to show how far the front of the truck was from the cross walk when it stopped, but possibly it may be inferred that this distance was 6 or 8 feet. He said the truck was about 3 feet from the curb. He started up without blowing the horn. He did not give any warning at any time.

The small child doubtless required some of plaintiff's attention. How much time elapsed between the times she looked? We do not know. Inferences may be drawn. Where was the truck when she first looked? Defendant has failed to show where it was. There was a street-car pole and a General Electric pole near the corner, but their location is indefinite and their effect not clear. Whether the truck' crossed the intersection at the center or some distance

to the north does not appear. The propriety of a driver having his vehicle under such control, under the circumstances, as to avoid just such an injury to one of a crowd of people apparently in a position to step into the street is an element for consideration. Should she be charged with the responsibility of anticipating the unusual occurrence of a vehicle being run against the curb with its right front wheel nearby and almost among standing pedestrians? The driver apparently had the full width of Eleventh street. How many of the standing persons, if any, were between plaintiff and the truck and whether they were of such stature as to obstruct her view, does not appear. Being an illiterate woman, and not apt in the use of the English language, limited her ability to give minute statements. She said the truck was coming fast, but the driver said it was not. It stopped quickly, though possibly aided in the stop by the curb. It was her duty to look. She could not look all the time nor could she look in the same direction all the time. She said she did look. As to whether her efforts in looking were efficient and reasonable was, under the circumstances, a question of fact and not one of law. There is in our opinion evidence sufficient to support the verdict.

The burden of proving contributory negligence was upon the defendant, and we cannot hold as a matter of law that it has met this burden. The case was properly submitted to the jury. The trial court has approved the verdict.

This case is not controlled by Bowers v. Colonial Warehouse Co. 153 Minn. 425, 190 N. W. 609, and Provinsal v. Peterson, 141 Minn. 122, 169 N. W. 481, because in those cases it was established as a fact that the pedestrian walked into the truck. In this case this important fact is not established.

Plaintiff's injuries brought her an unsatisfactory experience in seeking medical assistance. The bruise on her ankle or leg in the first instant did not appear serious, but later it became ulcerated and developed into a very aggravating injury. It did not heal. She was advised to submit to an operation, but she was reluctant to do so. She may have to submit to such operation yet. At the time of trial she had been incapacitated by reason of this injury

for nearly two years. She was in bed for several weeks; on crutches 5 or 6 months. She has suffered considerable pain and loss of sleep. She has incurred a great deal of expense. She was earning $100 per month as a cook. The verdict was for $2,500. It was not excessive.

Affirmed.

STONE, J. (dissenting.)

The jury's conclusion that defendant was negligent cannot now be questioned because, although challenged by an assignment of error, it was not argued in appellant's brief. It is clear also that, if plaintiff was entitled to recover, the jury's appraisal of her damages is not to be disturbed here.

On the one question as to whether plaintiff was contributorily negligent as a matter of law, my conclusion is very stubbornly opposite to that reached by the majority, and this notwithstanding the fact that I am utterly opposed to contributory negligence as a rule of law. In my judgment, it should be supplanted by that of comparative negligence which in the long run is much easier of application and contributes more to substantial justice. But that is a consideration for legislative rather than judicial authority. The former so far has not seen fit to relieve the latter from the duty of applying the frequently harsh rule of contributory negligence. Therefore, that duty cannot be shirked, although the perfectly human tendency is to overlook its controlling effect in a case of painful injury to a plaintiff at the hands of a defendant easily competent to pay substantial damages.

In this case a very important if not controlling circumstance is that defendant's truck approached plaintiff not from the rear, nor even directly from the side, but from her left front. An equally important thing is that not more than 10 feet from where plaintiff was struck, it had just stopped because the driver was taking care for the safety of several pedestrians about to attempt the crossing. All but plaintiff remained in a position of safety; she alone projected herself into one of danger. This stop of the truck just before the accident is a conceded fact of the case.

The nature of plaintiff's testimony is indicated by the following quotations from it:

"Q.  Were there other people standing on that corner waiting to cross the street?

A.  Yes, there was people there.

Q.  And you started to cross ahead of them, didn't you?

A.  Yes.

Q.  You did not look to the left in the direction from which the truck was coming until you had taken one step into the street?

A.  Oh, yes, I looked first and I didn't see nothing coming, and when I looked again, why he was right in front of us.

"Well I looked and I didn't see no cars coming, but when I started stepping off 1 looked and a truck was right in front of us, so I grabbed my little girl and I throw her on the sidewalk * * * I didn't see him until he was right close to us and came right to us. * * * He was going fast. * * * I just see the truck just the same time I was stepping off and it was too late; I just had one foot down. * * * I looked once and I didn't see nothing coming and when I looked again why the truck was right in front of us, * * * and it just squeezed my ankle to the curb. * * *

Q.  Didn't you say it stopped as it struck you?

A.  Yes, it stopped and had my ankle squeezed to the curb. * * *

Q.  Do you know whether or not you were any distance away from the curb?

A.  No, I wasn't very far, I was right close to the curb.

Q.  But were both of your feet down onto the roadway before you saw the truck?

A.  Yes."

It is beyond the possibility of fair contradiction that the truck, a moment before the collision at least, was being handled carefully.  Its full stop before "undertaking to negotiate the crosswalk" is evidence of that.  It proceeded in low gear so slowly that it was stopped almost instantly and within a foot or two after

plaintiff was struck. The majority think that plaintiff may not have walked into the side of the machine as was done in Bowers v. Colonial Warehouse Co. 153 Minn. 425, 190 N. W. 609, and Provinsal v. Peterson, 141 Minn. 122, 169 N. W. 481 (the controlling facts of those cases, by the way were not stated as accurately as they might have been in Shore v. Minter, 160 Minn. 215, 199 N. W. 744).

But is it true that a pedestrian, struck by an automobile at a street intersection, cannot be guilty of contributory negligence unless he walks into or is hit by the side of the machine? Is there no case where a pedestrian is contributorily negligent in getting in front of an oncoming automobile? Here the best that can be said for plaintiff is that, if in fact she did not walk into the side of the machine (which her own testimony rather clearly indicates), she did get in the way of the right-hand front corner of it.

In such a situation, if plaintiff, on her own testimony and all possible implications in her favor, was not guilty of contributory negligence, then certainly it is impossible for a pedestrian to be guilty of such negligence, unless he walks into the side of the machine. Of course the majority opinion is not intended to bring about that result, but if it correctly expresses and applies the law of contributory negligence, how can it escape that conclusion? The answer is not for me, but the observation may be permitted on a fact of common knowledge that pedestrians through abstraction or reckless disregard of their own safety frequently place themselves in a position of imminent danger in front of, as well as alongside of, an approaching automobile.

There was nothing here to distract plaintiff's attention. The presence of her little girl ought to have rendered her more alert to danger. Plaintiff says that she looked for approaching automobiles, but did not see the truck. Obviously she was mistaken, for, when she was at the curb, it could not have been over 10 feet away. Probably it was closer. It was coming directly toward her. So the fact must be that she did not look, or if she did, she negligently stepped in front of or walked into the truck. "A conclusive presumption" arises that she failed to look, or if she did look, "she

heedlessly disregarded the knowledge thus obtained and negligently encountered obvious danger." Anderson v. G. N. Ry. Co. 147 Minn. 118 (120), 179 N. W. 687. Plaintiff's statement that the truck was "going fast" is in the same category with her claim that she looked for automobiles. It is completely refuted by, because it cannot stand with, the inescapable facts of the case.

The majority seems to stress the fact that plaintiff may have looked twice for approaching automobiles. Her testimony probably should be so construed. But under the rule requiring some care, even of pedestrians, it is immaterial how many times plaintiff looked in view of the fact that she was run into by a machine which must have been not only in plain view, but so close immediately in front and to her left, that the danger of her proceeding was obvious. Under such circumstances the duty to exercise care is not fulfilled by looking, when looking can accomplish nothing. Here, if just before, or within any reasonable time before, plaintiff stepped off the curb, she had looked in front and to her left, the field of her vision would have been fairly filled with the truck. To me that fact is controlling, and that it is a fact the record makes inescapable.

The case is different from Shore v. Minter, supra, where a very different situation was presented. There the plaintiff testified, in effect, that she had been standing on the pavement an appreciable length of time, and as to such, a chauffeur can take precaution to prevent accident, and if he is alive to his duty ordinarily there will be none. But a chauffeur is helpless when a pedestrian upon whom he has made a frontal approach, and who has just looked directly at him, or fails to look at all, insists upon stepping off the curb just in time to be run into.

The fact is not overlooked that in this case the chauffeur did not sound his horn. That of course has to do with his negligence and does not excuse plaintiff for her own want of care without which there would have been no accident. What ordinarily alert and sensible people do under such circumstances is demonstrated by the action of the several persons, other than plaintiff, who saw defendant's truck and kept out of its way.

In these days of increasing traffic congestion, courts will but add to the distressing total of personal injury and fatality, if there is any relaxation of the wholesome and long established rule that "persons may not heedlessly attempt to cross a street without looking to see whether other travelers are not also using or about to use the same crossing. Those about to cross a public street are in duty bound to use their eyes to observe the conditions of the travel along that street from both directions." Syck v. D. St. Ry. Co. 146 Minn. 118 (123), 177 N. W. 944. Plaintiff's testimony that she looked before stepping onto the pavement is conclusively refuted by the physical facts which demonstrate to a finality that her attempt to cross was utterly heedless and made without any attempt to use her eyes to discover the approach of peril. Either that is true or the "conclusive presumption" so long established in the law and approved in Anderson v. G. N. Ry. Co. supra, has become obsolete, made so by judicial repeal.

For the reasons indicated, my own opinion is that the case is controlled by the rule of the Bowers and Provinsal cases, supra, and that there should be a reversal with direction for judgment for defendant.