## MONICA S. YOREK v. D. A. POTTER.[1]

February 5, 1926.

No. 24,929.

**Pedestrian on trunk highway injured by automobile.**

Plaintiff was walking south on a paved country highway and was struck by an automobile approaching from the rear. She claims to have been walking near the west edge of the pavement. The driver of the car claims that she was walking to the left of the center of the pavement. After the accident she was found severely injured lying in about the center of the pavement. Upon examination of the record it is held:

(1) That the evidence is sufficient to sustain the verdict.

(2) That the physical facts are not such as to permit it to be said that it was impossible for the plaintiff to have been injured as claimed.

(3) That the question of plaintiff's contributory negligence was for the jury.

    (a) A pedestrian lawfully on a country highway may rely upon the exercise of reasonable care by drivers of motor vehicles to avoid injury.

    (b) Failure to anticipate omission of such care does not render him negligent as a matter of law.

(4) G. S. 1923, § 2705, requiring the driver of a motor vehicle to give warning when approaching a pedestrian walking upon any part of a highway is applicable.

(5) The verdict for $8,500 is not excessive.

Damages, 17 C. J. p. 1091 n. 85.
Motor Vehicles, 28 Cyc. pp. 27 n. 23; 34 n. 92; 37 n. 21; 47 n. 20; 49 n. 46, 47, 49.

Action in the district court for Ramsey county to recover for personal injuries. The case was tried before Hanft, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

[1]Reported in 207 N. W. 188.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *George W. Peterson,* for appellant.

*D. M. Cameron,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying his alternative motion for judgment notwithstanding a verdict for $8,500 or a new trial.

On October 15, 1923, plaintiff was walking south on paved trunk highway No. 27. Defendant approached her from the rear in his Ford sedan car which struck and severely injured her.

(1) There is a sharp conflict between the plaintiff and defendant as to how the injury occurred. The pavement was 18 feet wide, having a four-inch black dividing-line in the center. Plaintiff says that she was walking on the pavement about 15 inches from the westerly side when she was struck down from the rear without warning. Defendant says that plaintiff was walking two or three feet to the left of the center line of the pavement, and that he reduced his speed, and was in the act of passing her while traveling about two feet west of the center line at a speed of about 20 miles per hour, when she jumped against the side of his car and was struck by the rear left fender or wheel. Defendant says that he sounded his horn, but plaintiff says she did not hear it. After the accident plaintiff was on or near the center line and a pool of blood a little to the east of it. The conflict in the evidence presented a question for the jury. It could have been decided either way. The evidence is sufficient to sustain the verdict.

(2) It is the contention of defendant that the physical facts and circumstances countervail the testimony of plaintiff to the contrary. We think they are not of such substantial character as to justify the conclusion suggested. We must assume that the subjective facts in the case were duly considered by the jury as circumstantial evidence in general. We cannot say, as a matter of law, that the physical facts in the case would make it impossible for the plaintiff to have been injured substantially as she claimed.

(3) The question of plaintiff's contributory negligence was for the jury. A pedestrian lawfully on a country highway may rely

upon the exercise of reasonable care by drivers of automobiles. Failure to anticipate omission of such care does not render him negligent. Nor is a pedestrian bound, as a matter of law, to be continually looking or listening for approaching automobiles under penalty of the charge of negligence if he fails to do so. A pedestrian has a right to walk on any part of a country highway. He must permit an automobile to pass when seasonably notified. The circumstances and the evidence required the submission of the question of contributory negligence to the jury.

(4) Plaintiff having the right to select her course upon the paved highway, as above indicated, the trial court properly charged the jury that a violation of G. S. 1923, § 2705, was negligence per se. It is suggested that if she was walking where defendant says she was, namely, on the east half of the road, the statute has no application. We think this suggestion is unsound. This statute is applicable when an automobile is approaching a person who is on any part of the highway. Pettygrove v. Hecht, 159 Minn. 260, 198 N. W. 809.

(5) Was the verdict of $8,500 excessive? Plaintiff's right leg was broken. She suffered cuts and bruises about her head. One cut left a scar above the right eye. She bled considerably. She was rendered unconscious. Her clothing was torn. She remained in a hospital from the fifteenth day of October, 1923, to December 24, 1923, when she returned to her home. On January 3, 1924, she returned to the hospital where she remained until February 8 and then she stayed with friends until April 26 when she again returned to the hospital and submitted to an operation. She had a nonunion of the fractured leg and the surgeons put in an inlay graft of bone which was first taken from the bone in her leg. She remained in the hospital until June 22. She used crutches until September 1. She had not been able to do her work as a clerk in a store up to the time of trial in January, 1924. She then had a stiff ankle. She suffered pain and loss of time. The injured leg was one-half inch shorter than the other. This deformity and the scars are permanent. She was 20 years of age. Her hospital and doctor

bills were $1,010.25. We find no reason to interfere with the verdict. There is nothing evidencing the presence of passion or prejudice. The injuries and consequences fully support the verdict.

Affirmed.