## JOSEPH POLLOCK v. GEORGE E. McCORMICK.[1]

October 29, 1926.

No. 25,401.

**Contributory negligence of pedestrian on country highway question for jury.**
Action by pedestrian to recover for injuries incident to being struck by an automobile. *Held* plaintiff's alleged contributory negligence was a question of fact to be determined by the jury.

Highways, 29 C. J. p. 655 n. 3, 4; p. 656 n. 5; p. 658 n. 48, 62.
Motor Vehicles, 28 Cyc. p. 49 n. 47.

See 2 R. C. L. 118 et seq.; 1 R. C. L. Supp. 725; 4 R. C. L. Supp. 148;
5 R. C. L. Supp. 135; 6 R. C. L. Supp. 130.

Action in the district court for St. Louis county to recover for personal injuries. The case was tried before Freeman, J., and a jury which returned a verdict in favor of plaintiff. Plaintiff appealed from an order granting defendant's motion for judgment notwithstanding the verdict. Reversed.

*A. A. Trost* and *Essling & Bundlie,* for appellant.

*Abbott, MacPherran, Dancer, Gilbert & Doan,* for respondent.

WILSON, C. J.

Plaintiff was traveling northerly in his automobile on a paved highway, which is 24 feet wide, from Eveleth to Virginia. He met a Ford car headed in the opposite direction parked on the west side of the highway with two outside wheels off the paving 'on the shoulder. From a signal from a lady occupant of the Ford car plaintiff stopped his car about 40 feet beyond with his two outside wheels on the shoulder of the highway. Plaintiff and his companion went to the Ford car and found that its trouble was due to lack of water in the radiator. Plaintiff sent his companion to his car to get a bucket in which to carry water from a nearby ditch. The evi-

[1]Reported in 210 N. W. 630.

dence is conflicting as to the whereabouts of the companion as the plaintiff left the Ford car and went in a straight diagonal line to within about two feet of the west front door of his car where he was struck by defendant's automobile traveling north. Plaintiff recovered a verdict for $1,000. The court denied defendant's motion for a new trial but granted his motion for judgment notwithstanding the verdict. Plaintiff appealed.

The order for judgment is based exclusively on the ground of plaintiff's contributory negligence. Plaintiff testified that he had clear vision from the place of the accident for a distance of 1,000 feet, that he looked at the road before he walked across it from one car to the other and that he didn't see any cars within a reasonable distance but that he saw a car about three or four blocks away when he started. He said that he paid no attention to the car because it was far away; that he looked both ways on the road, that is, that he looked toward Eveleth first and looked toward Virginia and then started to walk; that while walking he was facing in the general direction of Virginia and that he had no idea that the car he saw 1,000 feet away would come up and overtake him before he got to his destination.

Plaintiff was traveling along the highway in substantially the same direction as defendant. He was not merely crossing the highway. He was on the right hand side of the pavement. He had a right to rely upon the exercise of reasonable care by drivers of automobiles who might approach from the rear. Failure to anticipate omission of such care does not render him negligent nor is he bound as a matter of law to be continually looking or listening for approaching automobiles under penalty of the charge of negligence if he fails to do so. Whether plaintiff was guilty of contributory negligence in this case was a question of fact about which reasonable persons might differ. It was for the jury. There is sufficient evidence in the record to support the verdict. Yorek v. Potter, 166 Minn. 131, 207 N. W. 188; Pach v. Chippewa Springs Corp. 161 Minn. 125, 201 N. W. 293; Pettygrove v. Hecht, 159 Minn. 260, 198 N. W. 809; Shore v. Minter, 160 Minn. 215, 199 N. W. 744; 29 C. J.

655, 657. That part of the order which directs judgment notwithstanding the verdict is reversed.

Reversed.