# HARLAND ROSENTHAL v. VIC McCULLOCH.[1]

May 31, 1929.

No. 27,244.

*Sasse, French & Dunnette,* for appellant.
*Catherwood, Hughes & Alderson,* for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying his motion for a new trial. The action is prosecuted by the guardian ad litem of 17-year old Harland Rosenthal, herein termed the plaintiff.

Defendant drove his car south from a farmstead to an east and west road where he turned and traveled west. At about the same time plaintiff riding a horse entered the same road at a crossroad 50 rods to the west. He then traveled east. It was dark. Defendant's automobile lights were on. The highway had a roadbed of 20 feet which had recently been under repair. It had been plowed and was rough. The traveled portion of the road was along the south line of the grade and was only the width of a car. The south

[1]Reported in 225 N. W. 651.

524

18 inches of the grade was covered with grass. To the south of this was the usual grade ditch. About midway between where plaintiff and defendant entered upon this highway were two bunches of willows, 30 feet apart, growing on the south side of the road and partially in or over the 18-inch grassy strip of ground. The straight highway had no hills.

Defendant traveled west at from 10 to 15 miles per hour. Plaintiff was riding a horse which had been ridden in a race at Austin on that day. It was something of a saddle horse, spirited but not unruly, and might be termed a race horse. Plaintiff rode the horse easterly upon this road at from 15 to 20 miles per hour or about 22 to 30 feet per second. The horse was running fast. At about midway between the two bunches of willows there was a collision and plaintiff was seriously injured. At the time of the accident defendant's car was partially turned to the north but the rear wheels had not left the traveled tracks. The horse ran into the south side of the car.

Plaintiff knew the condition of the road and that the traveled portion was on the south side. He testified that the horse left the road for the grass 50 feet from the car and later said 200 feet from the car. Probably the horse turned back into the traveled track about 50 feet in front of the car. Contact with the willows in the dark apparently caused the horse to leave the grass. Plaintiff knew of the presence of defendant. He must have known that defendant did not have an equal opportunity to know of plaintiff's presence.

Plaintiff rode the running horse toward defendant knowing that defendant was along or near the south line of the road. Defendant under the circumstances was rightfully traveling on the south side of the road. Of course it was his duty to yield a portion of the traveled road to plaintiff. If plaintiff knew of the presence of the willows, he was very indifferent to the safety of himself and defendant in attempting to ride the horse along the grassy strip in the dark at such speed while meeting defendant. If he did not know of the presence of the willows, then his conduct was equally reckless. The fact that he was riding a horse rather than an auto-

mobile called for a consideration of some peculiar elements. He was subjecting the horse to possible confusion and helplessness from defendant's lights. He would have taken serious chances to have so ridden the horse at such speed past the car in the daylight. Plaintiff's undertaking to meet defendant's car under all the circumstances was fraught with peril—not because of the speed alone, but due to the several things concurring therewith.

We accept the facts as stated by plaintiff. We are of the opinion that all reasonable persons must conclude that plaintiff was negligent and that such negligence contributed proximately in some degree to his injuries. This means contributory negligence. Eichhorn v. Lundin, 172 Minn. 591, 595, 216 N. W. 537. It is only in the clearest of cases that the question of contributory negligence becomes one of law. Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 211 N. W. 580. This is such a case, and it became the duty of the court to direct a verdict. Manos v. St. Paul City Ry. Co. 173 Minn. 402, 217 N. W. 377.

This court has held, where two travelers collide and the defendant is on the wrong side of the road or is in some way violating the traffic law, that the approaching plaintiff has a right to assume that the defendant will yield as the law requires. Klare v. Peterson, 161 Minn. 16, 200 N. W. 817; Bradley v. Minneapolis St. Ry. Co. 161 Minn. 322, 201 N. W. 606, 46 A. L. R. 993; Olson v. Byam, 176 Minn. 619, 224 N. W. 256. It is here urged that plaintiff had a right to assume that defendant would yield one-half the traveled portion of the road to plaintiff. Ordinarily it is for the jury to decide whether this has been done. Plaintiff's conduct and the circumstances which included more than speed, destroy the application of the usual rule. Here defendant's failure to yield a portion of the traveled road was only one of several things indicating or threatening imminent danger.

Affirmed.