## REUBEN CHEADLE v. J. C. JAMES.[1]

June 20, 1930.

No. 28,038.

*L. K. Eaton* and *C. W. Ingham,* for appellant.
*Oscar Hallam* and *Richard A. Golling,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict for injuries sustained in an automobile accident. Defendant made a motion for judgment notwithstanding the verdict but made no motion for a new trial. The motion was denied, judgment entered, and defendant appealed therefrom. Defendant contends that the evidence fails to show any negligence on his part, and conclusively shows contributory negligence on the part of the plaintiff.

Plaintiff was employed by the state highway department and with a team and small grader cared for a section of trunk highway No. 6 which runs in a north and south direction in the western part of the state. This highway is graded and graveled. The roadway at the place of the accident was 18 feet in width with a grassy shoulder and a ditch between one and two feet in depth on each side. The highway department ran a truck hauling a grader as a trailer over this section of the highway from time to time to fill holes and level the surface of the roadway. This outfit was 32 feet in length from the front of the truck to the rear of the trailer. The "blade" of the truck was ten feet in length and hung at such

[1]Reported in 231 N. W. 242.

an angle that it scraped a strip nine feet in width. The "blade" of the trailer was 12 feet in length and hung at such an angle that it scraped a strip 11 feet in width. The witness Opedahl operated the truck, and the witness Stregge operated the grader.

During the noon hour of August 29, 1929, this outfit, proceeding north on the left-hand or west side of the highway, passed the place where plaintiff's team was resting. As it passed plaintiff got into the cab of the truck and rode about a quarter of a mile talking with Opedahl concerning the manner of doing the work. When plaintiff wished to alight Opedahl stopped the truck without stopping the motor, which made considerable noise. They were on the left-hand or west side of the highway. The width of the part of the roadway not occupied by the machine was about seven feet opposite the "blade" of the grader and about eight feet opposite the "blade" of the truck. The cab of the truck had windows on the sides and rear which were open as the day was warm. The grader had a canopy over the operator supported by a post at each corner. The operator of the grader and the occupants of the cab could easily be seen by anyone approaching from the rear. Some minutes, estimated from three to five, elapsed after they stopped before plaintiff started to alight. Stregge states that during this period three automobiles fairly close together passed them going north and another a little later. Plaintiff started to back out through the right-hand or east door of the cab. He stood on the threshold a few seconds holding onto the window frames with his hands and facing Opedahl with whom he was talking. He then placed one foot on top of the front wheel, swung facing the north, and while stepping or jumping down was struck by the left front lamp and fender of defendant's car coming from the south. He was thrown into the air higher than the top of the cab and landed about 25 feet in front of the truck. The evidence indicates that defendant applied his brakes at the time of the collision with sufficient force to slide his wheels but did not bring his car to a stop until about 50 feet in front of the truck. The testimony of defendant and his wife is the only direct evidence as to the rate of speed at which he was travel-

ing. They place it at 18 or 20 miles an hour. But from the manner and distance plaintiff was thrown and the distance defendant's car went after the brakes were applied, the jury could infer that he was going much faster than he estimated. Defendant says he sounded his horn as he reached the grader, but neither Stregge nor Opedahl heard it. Plaintiff was unconscious for a week or more. He suffered an injury of the brain which caused partial paralysis, and remembers nothing that occurred on the day of the accident nor for a considerable period before and after it. Defendant saw Stregge on the grader and if he had looked would have seen plaintiff in the act of alighting. The evidence warrants the finding that defendant was negligent. 42 C. J. 1017, 1040.

Whether plaintiff was guilty of contributory negligence is the vital question. It is a truism in the law that every person is bound to exercise reasonable care to avoid danger and save himself from injury. And where a person suffers an injury which could have been avoided by the exercise of such care as a reasonably prudent person would ordinarily have exercised under the same circumstances, the law pronounces him guilty of contributory negligence and not entitled to recover damages. Whether a plaintiff has been guilty of contributory negligence is usually a question for the jury, but where the pertinent facts are undisputed and lead to only one reasonable conclusion, it becomes a question of law which it is the duty of the court to determine.

This was a trunk highway straight and unobstructed for a mile toward the south. The position of the grading outfit left barely room enough for an automobile to pass on the roadway. During the three or four minutes that elapsed after the truck stopped and before plaintiff started to alight four automobiles passed coming from the south. Plaintiff without looking to the south descended from the truck on a part of the roadway so narrow that a car passing on the roadway would endanger him. The conclusion that he did not exercise ordinary care for his own safety and was guilty of contributory negligence as a matter of law is inescapable. While the following cases differ in their facts, they are among those which

affirm the principle involved. Medcalf v. St. Paul City Ry. Co. 82 Minn. 18, 84 N. W. 633; Provinsal v. Peterson, 141 Minn. 122, 169 N. W. 481; Bowers v. Colonial Warehouse Co. 153 Minn. 425, 190 N. W. 609; Rintala v. D. W. & P. Ry. Co. 159 Minn. 499, 199 N. W. 562; Shore v. Minter, 160 Minn. 215, 199 N. W. 744; Ruddy v. Ingebret, 164 Minn. 40, 204 N. W. 630, 44 A. L. R. 159; Bailey v. M. St. P. & S. S. M. Ry. Co. 166 Minn. 118, 207 N. W. 26, 560; Chinander v. DeLaittre, 171 Minn. 11, 213 N. W. 44; Chandler v. Buchanan, 173 Minn. 31, 216 N. W. 254; Sorenson v. Sanderson, 176 Minn. 299, 223 N. W. 145; Rosenthal v. McCulloch, 177 Minn. 523, 225 N. W. 651; DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350.

Plaintiff relies much on Cunnien v. Superior Iron Works Co. 175 Wis. 172, 184 N. W. 767, 18 A. L. R. 667. In that case a horse-drawn dray stopped at the side of a paved street, and plaintiff immediately started to alight without looking to the rear. While clinging to the side of the dray with one foot on the hub of the wheel and the other on the pavement he was struck by a passing automobile. The decision sustaining a special finding of the jury that the plaintiff was not guilty of contributory negligence is predicated on the fact that the plaintiff was still clinging to the side of the dray, that the street was 40 feet wide with no other traffic upon it, and that there was no reason for passing so near the dray as to endanger a person clinging to its side. The court said however that if the plaintiff, after alighting, with one foot on the pavement, had proceeded to cross the street without looking he would have been guilty of contributory negligence as a matter of law. What the court apparently deemed a determining factor in that case is not present in the instant case.

Plaintiff calls attention to the statement of Opedahl that as an automobile passed he glanced toward the rear of the cab; but this was while he was still seated beside Opedahl and before he arose to alight.

We are constrained to hold that the evidence shows conclusively that plaintiff's own negligence contributed to the happening of the accident, and it follows that he is not entitled to recover. The

judgment is reversed and judgment will be entered for defendant. Of course this is without prejudice to any rights he may have under the workmen's compensation law.

HOLT, J. (dissenting).

I think plaintiff's contributory negligence was for the jury, and therefore dissent.

DIBELL, J. (dissenting).

I concur with Mr. Justice Holt.