HERMAN MARKGRAF v. ELVERO L. McMILLAN.[1]

June 19, 1936.

No. 30,905.

*Murphy, Johanson & Winter,* for appellant.
*Lloyd P. Johnson,* for respondent.

[1]Reported in 267 N. W. 515.

LORING, JUSTICE.

Defendant, after a verdict against him in an action for death by wrongful act arising out of an automobile collision, moved the court for judgment notwithstanding the verdict or a new trial, and from an order denying that motion takes this appeal.

The facts construed in the light most favorable to the plaintiff, as they must be, are substantially these: U. S. Highway No. 169 runs north and south between Princeton and Milaca, this state. Minnie Markgraf, the deceased, lived on a farm with her husband, this plaintiff, on the east side of the highway. A driveway connects plaintiff's farm with the highway. April 12, 1935, at about 3:15 p. m., the deceased had walked down the driveway from her home, had crossed the highway, and was proceeding south along the west shoulder of the highway toward a mailbox some distance farther south. At the same time defendant was driving his Ford sedan south on the highway from Milaca toward Princeton. There was a bus proceeding north along No. 169, and the bus and defendant's car met and passed at a point directly abreast of Mrs. Markgraf. The right front door handle of defendant's car caught and pierced the arm of Mrs. Markgraf between the shoulder and the elbow, she was thrown against the side of the car, and then onto the shoulder. She died shortly after.

No one observed the actual collision. Defendant testified that he heard a "thump, a little noise," and stopped his car to investigate and first realized that his car had struck Mrs. Markgraf when he saw her lying on the shoulder close to the pavement.

It is the position of plaintiff that the defendant was guilty of negligence in driving at an unreasonable speed, that he was not keeping a lookout for the deceased, that his attention was attracted and held by the bus and that defendant got off the pavement, made a sharp turn to the left, and as he did so his car struck the deceased with the bumper and tossed her against the side of the car, where she was caught on the door handle, and that defendant should have sounded his horn as a warning of his approach.

Defendant alleges that he was not guilty of negligence and claims that the evidence does not justify the verdict. In order to determine that question, a full recital of the evidence is necessary.

One of the principal witnesses for plaintiff was Clarence Young, who owned a farm on the west side of highway No. 169. A driveway connects the Young farm with the highway at a point south of the Markgraf driveway. Young observed the deceased as she was walking along the shoulder of the highway and last saw her when she was at a point about 175 feet south of the intersection of his driveway with the highway. He observed the defendant's car when it was about 1,000 feet north of his driveway, and the bus when it was about the same distance south. Young stated that the defendant's car was traveling at the rate of 50 or 55 miles per hour and that the bus was going at about the same speed. Mrs. Markgraf's body lay 104 feet from the point where she was last observed by Young and 279 feet south of where the Young driveway intersects the highway. Her body was lying close to the pavement, her feet to the south and her head to the north. A part of the door handle was later found imbedded in her arm. Another part of the handle was found on the shoulder some distance south of where her body lay. The actual point of collision is not definitely shown, but unquestionably it was at some place between the point where she was last seen by Young and the point where her body was found. When last seen by Young, Mrs. Markgraf was walking south.

To these facts must be added the uncontradicted testimony of defendant. He was traveling in about the center of the southbound lane of traffic on the west half of the highway. He first observed Mrs. Markgraf when he was about 600 or 800 feet away from her. At the time, she was standing on the shoulder about three feet west of the edge of the pavement, facing the pavement, entirely out of his lane of travel and "apparently watching for the car and the bus to pass." She made no movement indicating that she intended to cross the pavement or step upon it. At 200 feet her position had not changed; at 50 feet she had not moved; at 15 feet she made no movement and was in the same position as he drew up to her and she was fading out of his vision.

After the accident there were no marks on the front of the car, and a garage attendant testified that an hour after the accident the dust on the car was undisturbed at any place on the right front

fender, head lamp, and along the right side of the body. The glass in the lower back of the window of the right front door was cracked or "spiderwebbed." The only mark on the car besides the broken door handle was a dent upon the door frame.

It is plaintiff's contention that Mrs. Markgraf was walking south on the shoulder when struck. There is no evidence to support this contention. When she was last seen by Young she was walking, but the uncontradicted evidence of defendant was that as he approached her she was standing on the shoulder facing the pavement. In that position she was evidently aware or should have been aware of the approach of defendant's car. He had no reason to believe that she would move from her position of safety or come into collision with his car. Under those circumstances it was not negligence for him to fail to sound his horn.

Plaintiff's case depends almost entirely upon a showing that defendant got off the pavement and onto the shoulder and there struck Mrs. Markgraf. The record is barren of any evidence tending to support that contention. Skid marks of his car from the point where defendant applied the brakes started at a point six inches in from the edge of the pavement and moved slightly in toward the center so that at the end of the skid marks they were about three feet in from the edge. The bus was traveling in its own lane of traffic. The pavement was 20 feet wide, so each lane was ten feet in width. Defendant's car was 70 inches in width. There was no occasion for him to drive onto the shoulder. We are not persuaded by the contention of plaintiff that defendant was "bus shy" because of a previous collision with a bus. In the state of the record it would be a highly speculative conclusion.

Defendant's excessive speed, if such it was, in no way contributed to the accident. Plaintiff's allegation to the contrary notwithstanding, there is no evidence that the car was out of defendant's control. Assuming that the evidence does not rebut the statutory *prima facie* presumption that his speed was unreasonable and improper, there is no showing that the excessive speed in any way contributed to the happening of the accident.

The order is reversed with directions to the court below to enter judgment notwithstanding the verdict.

I. M. OLSEN, JUSTICE (dissenting).

As I view the record, there is evidence to sustain the verdict. In any event, there should not be judgment ordered here, but, at most, a new trial granted.

STONE, JUSTICE (concurring in result).

My agreement in the result is based upon the opinion that the deceased was guilty of contributory negligence as matter of law. To me the evidence seems to establish conclusively that defendant's car did not leave the pavement and that due care on the part of deceased as a pedestrian required her, under the circumstances, to be not only on the shoulder but far enough off the pavement to avoid danger from a passing automobile traveling on the pavement.