## DORAL DRAXTON v. EDMUND R. KATZMAREK.[1]

June 24, 1938.

No. 31,583.

*A. B. Clarfield* and *Lewis, Grannis & Underhill,* for appellant.
*Hunt & Palmer,* for respondent.

PETERSON, JUSTICE.

Plaintiff was injured on February 22, 1936, while sliding down a rather steep hill on one of the public streets in Duluth and colliding with the rear end of defendant's automobile, which defendant was

[1]Reported in 280 N. W. 288.

then driving upon one of the public streets which intersected the one on which plaintiff was sliding. Plaintiff then was seven years and nine months of age. The hill on which he was sliding was on defendant's left as the latter approached the intersection of the two streets. The street on which plaintiff was sliding ends where it intersects the street on which defendant was driving. There had been heavy snowfalls. The snow had been plowed back on the hill where plaintiff was sliding so as to make a path about eight or nine feet wide, with steep snowbanks on either side estimated to be from three to three and a half feet high, for the first 125 feet back from the bottom of the hill, and not quite so high beyond that point. Perhaps they were a little higher at the bottom of the hill near the intersection. The snow had been plowed back on the street on which defendant was driving, clearing a path about 18 feet wide and making snowbanks estimated to be from four and a half to seven feet high. Just before reaching the intersection, defendant drove down a steep hill in second gear at about 20 miles per hour. During the last 50 feet before reaching the intersection his speed was between 15 and 20 miles per hour, and he continued to cross the intersection at that rate of speed. The evidence is that the boy's speed on the sled was approximately the same as that of the automobile. Defendant testified that he looked to his left up the hill when he was about 50 feet back and continued to do so until he was within 20 feet of the intersection, from which point he looked straight ahead. He says that he did not see the plaintiff sliding or any traffic of any kind on the hill. The path up the hill, with its snowbanks on either side, where plaintiff was sliding, was characterized as a trough. Plaintiff was lying on his sled with his face downward and his head slightly raised. It was estimated that the top of his head while in that position was 17 inches above the ground. His course was close to the bank nearest defendant, which was about two feet higher than the top of the boy's head, in consequence of which the boy could not see defendant's automobile at the bottom of the hill and defendant could not see the boy sliding down the hill. Defendant was almost past the intersection of the path

and the street when the accident occurred. Plaintiff hit the rear left bumper and fender of defendant's car. If defendant had been another foot or two forward at the time the collision would not have occurred. The court submitted the questions of defendant's negligence and plaintiff's contributory negligence to the jury. Although the evidence was conflicting whether defendant knew that children used the hill for sliding, the charge was that where children are known or may reasonably be expected to be a degree of care commensurate with the greater hazard created by their presence or probable presence is required of an automobile driver; that if the defendant knew or by the exercise of reasonable care should have known that children were accustomed to slide on the hill in question, then the defendant was required to anticipate such dangers as reasonably might be expected from such sliding and to exercise such care and caution to avoid injuring children sliding on the hill as a reasonably prudent and careful person would exercise under the same or similar circumstances. The court also instructed the jury that it was the duty of defendant as a driver of an automobile approaching and entering an intersection of public highways where the driver's view is obstructed to exercise a degree of care commensurate with the extra hazard created by such an obstruction, and that all persons are charged with knowledge of facts and conditions which they could have discovered with the exercise of ordinary care. While the foregoing is but a summary of the charge upon the questions stated, the charge as given fully and impartially stated the rules of law applicable to the situation disclosed by the evidence, unless we find that it was error for the court to refuse to submit issues of negligence based upon excessive speed and lack of control of the car.

■ Plaintiff urges that the court erred in not submitting the question of speed as bearing on the question of due care. He claims that both under the statute and independent thereof defendant's speed was excessive under the circumstances. Great stress is laid upon 3 Mason Minn. St. 1936 Supp. § 2720-4 (b) (3), which provides that it is *prima facie* evidence of negligence of the driver of an automobile to drive in excess of 15 miles per hour when approach-

ing within 50 feet of a street intersection when the driver's view is obstructed, and that a driver's view is obstructed under the statute when at any time during the last 50 feet of his approach to the intersection he does not have a clear and unobstructed view of the intersection and of traffic upon all of the highways entering such intersection for a distance of 200 feet from such intersection. The evidence justifies a finding of obstructed view because of the height of the snowbanks. Assuming that the speed was *prima facie* evidence of negligence under the statute, in order to be a basis for recovery it must have been a proximate cause of the injury. Provinsal v. Peterson, 141 Minn. 122, 169 N. W. 481; Markgraf v. McMillan, 197 Minn. 571, 267 N. W. 515; 5 Am. Jur. p. 596, § 164. A given act is the proximate cause of a given result where that act is a material element or a substantial factor in the happening of that result. Peterson v. Fulton, 192 Minn. 360, 256 N. W. 901; 21 Minn. L. Rev. 19; Restatement, Torts, § 431. Where it appears that an automobile involved in an accident was being driven at a speed which is *prima facie* unlawful or negligent, speed alone is not necessarily a proximate cause of a resulting accident. Provinsal v. Peterson and Markgraf v. McMillan, *supra*. It has been held that speed is not a proximate cause of an accident where the plaintiff walked or ran into a moving vehicle, Provinsal v. Peterson, *supra;* Jacobs v. Williams (La. App.) 160 So. 861; Pettijohn v. Weede, 209 Iowa, 902, 227 N. W. 824; or where the plaintiff turned or darted in front of a moving vehicle, Rodriguez v. Abadie (La. App.) 168 So. 515; Howk v. Anderson, 218 Iowa, 358, 253 N. W. 32; Sorsby v. Benninghoven, 82 Or. 345, 161 P. 251; Burlie v. Stephens, 113 Wash. 182, 193 P. 684; or where the accident would have happened whether the defendant had been going faster or slower, Crutchley v. Bruce, 214 Iowa, 731, 240 N. W. 238; or where it appeared that the accident might have been avoided if the defendant had driven faster, Sorsby v. Benninghoven, *supra*. If the accident could not have been avoided or would have happened even if there had been an absence of excessive speed, such speed was not a material element or substantial factor in bringing it about and hence

not a proximate cause. 5 Am. Jur. p. 596, § 164, note 9; Note, 77 A. L. R. 598; Restatement, Torts, § 432. It appears without dispute that speed did not affect the conduct of plaintiff or defendant to cause the collision. A reduced speed would not have avoided the accident. Evidence which is not contradicted shows that if the defendant had entered the intersection and proceeded across the same at the highest permissible rate of speed under the statute, 15 miles per hour, the accident would have happened anyway and that, instead of hitting the rear bumper and fender, plaintiff would have hit the car at a point farther to the front, possibly a little in front of the rear left wheel. If defendant had been going 10 miles per hour, plaintiff would have struck the car about opposite the driver's seat. The only difference that reducing the speed would have made would be the point where the sled would have struck defendant's automobile. In such a situation speed is not a proximate cause. Eastburn v. U. S. Exp. Co. 225 Pa. 33, 73 A. 977; Wetherill v. Showell, Fryer & Co. Inc. 28 Pa. Dist. R. 259, affirmed 264 Pa. 449, 107 A. 808. Plaintiff's counsel evidently was of this opinion at the trial. He then contended that defendant was negligent in that he did not speed up his car when he got opposite the path on which plaintiff was sliding so as to clear it and thus avoid the accident. The testimony shows that if defendant had been going a little faster the accident would not have occurred. In this respect plaintiff used the same argument as the court in Sorsby v. Benninghoven, 82 Or. 354, 161 P. 253: "So far as the speed is concerned, the pity is that the defendant was not driving at a much greater rate; for then he might have escaped the baby's impact." Inasmuch as no causal connection was shown between speed and the accident, the question of speed was properly withdrawn from the jury.

■ It is claimed that the court should have submitted to the jury the question whether the defendant had his car under proper control. We have examined the record and fail to find any evidence that he did not have it under proper control. The ruling of the court below was correct.

■ It is urged that the court erred in denying plaintiff's motion to strike from the record a city ordinance of Duluth which pro-

hibits coasting and sliding on public streets and that the court erred in instructing the jury that the defendant had the right to assume that other persons using the streets would exercise reasonable care under the circumstances and obey the law, unless and until the contrary appeared. Plaintiff's counsel consented to the introduction of the ordinance in evidence. This was an express waiver of any objection to it. Defendant had a right to assume, as limited by the charge, that others upon the streets would not be coasting and sliding there in violation of the ordinance. 42 C. J. p. 1048, § 795. In Jacobsen v. Ahasay, 188 Minn. 179, 246 N. W. 670; Duffey v. Curtis, 193 Minn. 358, 258 N. W. 744; and Timmerman v. March, 199 Minn. 376, 271 N. W. 697, we held that the driver of an automobile has a right to assume that other automobile drivers will obey the law. We find no objection to the charge.

Many other assignments of error are made, none of which merit separate consideration.

Order affirmed.